The People of the State of New York, Respondent, *v.* Patrick D'Anna, Appellant.

Fourth Department, January 9, 1935.

*De Silver Drew [Gordon B. Grenolds* of counsel], for the appellant.

*Ray Fowler, District Attorney,* for the respondent.

Per Curiam. This record shows beyond question that about three-twenty o'clock on the morning of April 23, 1934, Laube's Old Spain Restaurant in Rochester was held up by three men and the proprietor robbed of more than $2,500. The jury was warranted in finding that commencing at four o'clock the same morning Rochester police officers followed a certain automobile bearing distinctive marks and containing three men and later on stopped a car similarly marked, at which time the only person in it was this defendant; that there was also in the car a " pinch bar; " that after defendant's arrest something over $278 was found upon his person; that chemical analysis showed that a substance found upon the point of the pinch bar contained ingredients similar to those found in the paint upon the door which had been forced open and upon the adjoining wall; and that the length of the bar and experiments made with it at the scene of the crime indicated that

it might have been used in opening the door. These were all the facts proved by the People. There was no proof of a confession or of anything tending to identify the defendant as one of the robbers or even as one of the three men first followed or anything to identify the money found upon his person as a part of the loot. The ultimate inference of defendant's guilt depends so greatly upon circumstantial evidence and upon inferences drawn from such evidence that a finding of guilt beyond a reasonable doubt cannot be sustained. In this state of the record certain criticisms of rulings of the trial court press upon our attention. The trial court clearly erred in declining to charge upon request that evidence of good character in and of itself might create a reasonable doubt. (*People* v. *Bonier*, 179 N. Y. 315.) The court also declined to charge categorically upon request that the facts proved by the People must exclude every hypothesis except guilt. This charge should have been made. (*People* v. *Trimarchi*, 231 N. Y. 263.) And the court failed to make sufficiently clear to the jury the rule as to findings of fact based upon a succession of inferences. (*People* v. *Razezicz*, 206 N. Y. 249.)

All concur; THOMPSON, J., concurs for reversal on the law solely upon the exceptions taken at the trial. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Judgment of conviction reversed on the law and facts and a new trial granted.