THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ABRAHAM M. DITCHIK, Appellant.

Argued March 3, 1942; decided April 23, 1942.

*Jacob Shientag* for appellant. There was no proof of an attempt to commit the crime of bribery, and the submission to the jury of the attempted bribery counts and the court's erroneous charge thereon constitute reversible error. There was no corroboration of the testimony given by conceded accomplices as required by section 399 of the Code of Criminal Procedure. (*People v. Collins*, 234 N. Y. 355; *People v. Mills*, 178 N. Y. 274; *People v. Sullivan*, 173 N. Y. 122; *People v. Werblow*, 241 N. Y. 55; *People v. Rizzo*, 246 N. Y. 334; *Hyde v. United States*, 225 U. S. 347; *People v. Malone*, 205 App. Div. 257; *People v. O'Farrell*, 175 N. Y. 323.)

*John J. Bennett, Jr., Attorney-General* (*William J. Butler* and *John Harlan Amen* of counsel), for respondent. Defendant was properly convicted of attempted bribery. (*People v. Duffy*, 160 App. Div. 385; 212 N. Y. 57; *People v. Bennett*, 182 App. Div. 871; 224 N. Y. 594; *People v. Sullivan*, 173 N. Y. 122; *People v. McKane*, 143 N. Y. 455; *People v. Luciano*, 277 N. Y. 348; *People v. Warner*, 152 Misc. Rep. 607; 244 App. Div. 833; 269 N. Y. 597; *People v. Moran*, 123 N. Y. 254; *People v. Duffy*, 212 N. Y. 57; *Matter of Herschman*, 233 App. Div. 884; *People v. Hines*, 284 N. Y. 93; *People v. Jaehne*, 103 N. Y. 182; *People v. McGloin*, 91 N. Y. 241; *Gebardi v. United States*, 287 U. S. 112; *People v. Dunbar Contracting Co.*, 165 App. Div. 59; 215 N. Y. 416.)

*Per Curiam.* Our modification of the judgment of conviction requires the reversal of so much of the judgment as convicts the defendant, under count two of the indictment, of an attempt to commit the crime of bribery. (Penal Law, §§ 2, 378.) " Acts in furtherance of a criminal project do not reach the stage of an attempt unless they carry the project forward within dangerous proximity to the criminal end to be attained." (*People v. Werblow*, 241 N. Y. 55, 61, 62; *People v. Collins*, 234 N. Y. 355, 359, 360.) In an effort to establish the defendant's guilt under count two the prosecution introduced testimony by three witnesses, each of whom was thereafter ruled by the trial justice to be an accomplice as a matter of law. We conclude that the testimony of the three witnesses mentioned above, when considered with the remaining evidence of record in the case, is not sufficient in law to warrant the conviction of the defendant under count two of the indictment. (Code Crim. Proc. §§ 395, 399.)

The judgment of the Appellate Division in so far as it affirms the judgment of the trial court convicting the defendant of an attempt to commit bribery (count two) should be reversed and a new trial ordered as to that count; otherwise the judgment should be affirmed.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment accordingly.