## (January 16, 1946.)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GORDON JENMAN, Appellant.— Judgment of conviction and order affirmed. All concur, except Larkin, J., who dissents and votes for reversal on the law and facts and for granting a new trial in the following memorandum: While the proof against this defendant is stronger than in *People* v. *D'Anna* (243 App. Div. 259) yet in many respects the cases are alike. As there, so here, there was no direct evidence of defendant's guilt. He made no confession, nor damaging admission, other than his ownership of the pinch bar. His conviction thus rests entirely on the inference of guilt drawn by the jury from a set of circumstances. Of these, one of the most important was his identification as the driver of a car northbound on Antlers Drive, as a southbound police car passed it north of Newton Drive. The identifying witness was the only one of the three occupants of the police car who recognized him. Yet the Brighton police chief was, at least, in equally as good a position to see as this witness. The police chief was well acquainted with defendant, as indicated by the record. Taking into consideration the circumstances under which this identification was made, and considering those with other admitted circumstances, this identification presented a close jury question. It is very doubtful that a conviction would have been had, or would even have been justified, had the jury not credited this particular testimony. In as close a case as this one was, and where the indictment pleads a burglary in the first count, and in the second count the crime of possessing burglar's instruments, raised from a misdemeanor to a felony by pleading a conviction of burglary twenty-four years previously, and proving it as part of the People's case, although the pleading and proof of any of the various misdemeanors, of which seemingly defendant had been previously convicted, would have been equally as efficacious to raise the grade of the crime, the receipt of objectionable evidence and doubtful rulings should be closely scrutinized and not glossed over. It is my judgment that the testimony of the police chief as to the entering of defendant's parked car, by an unknown woman, carrying an apron or some garment in her hand, and particularly his testimony as to her movements in the car, was injected into the case for the sole purpose of having the jury infer that defendant sent her to remove the "telltale" pinch bar from it. The car was unlocked. Anyone could enter it. Defendant was not in it, nor in sight. Where he was then, nowhere appears in this record. Although this woman was immediately arrested, held for some time, and then discharged, no attempt was made to connect her with this defendant. The record is barren of any proof that defendant even knew her. While standing alone this testimony might be treated as too innocuous to warrant a reversal, the subsequent use of it by the prosecutor in his summation, as evidencing a consciousness of guilt on the part of defendant, coupled with the trial judge, when counsel objected, telling the jury that it was proper summation and in substance that they could infer from that testimony that defendant sent her to remove the bar from the car, and that the apron or garment which she carried was to conceal it, transformed what might have been harmless before, into something damaging, indeed. That was especially true in this close case where the defendant charged with burglary had already been shown by the prosecution's proof to have been convicted of a burglary twenty-four years before. One cannot say that this entire incident was not the turning point in a close lawsuit, and one which may have caused this jury to accept the doubtful identification and

to discredit defendant's alibi witnesses who were unimpeached, not discredited, and only shown to have been possibly biased by friendship or acquaintance. While this defendant has a criminal record, still he ought not to be convicted because of that alone, nor on the theory that once a burglar, always a burglar. The worst man is entitled to a fair trial. (The judgment convicts defendant of the crimes of burglary, third degree, and possession of burglar's instruments after prior conviction. The order denies a motion for a new trial.) Present — Taylor, P. J., Dowling, Harris, Larkin and Love, JJ.