■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD SPRUILL, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 31, 1962 after a jury trial, convicting him: (1) of attempted rape in the first degree; and (2) of assault in the second degree with intent to commit the rape, and sentencing him to serve a term of 5 to 10 years upon the attempted rape count and a term of 2½ to 5 years upon the assault count, both terms to run concurrently. Judgment modified on the law and the facts as follows: (1) by striking out the provisions convicting the defendant of attempted rape in the first degree and of assault in the second degree and imposing sentence; and (2) by substituting therefor a provision convicting defendant of assault in the third degree. As so modified, the judgment is affirmed, and defendant directed to be discharged. Since the maximum sentence for assault in the third degree is one year, and since the record discloses that defendant has already served more than a year, the defendant should now be discharged from custody. The competent proof in this case indicates that defendant had not committed any overt act toward the commission of the crimes charged. On the contrary, the proof establishes: (1) that, on being told that the complainant was in her menstrual period, defendant abandoned any intent he might have had to engage in sexual relations with her against her will; and (2) that he thereupon left the complainant without making any

attempt to violate her person. The conviction, therefore, was not warranted (44 Am. Jur., Rape, § 26, p. 918; *People* v. *Ditchik*, 288 N. Y. 95; *People* v. *Mills*, 178 N. Y. 274, 284; *People* v. *Clark*, 3 N. Y. Crim. Rep. 280; *People* v. *Kirwan*, 51 N. Y. S. Rep. 299). However, the evidence does warrant the defendant's conviction for the misdemeanor of assault in the third degree (Penal Law, §§ 244, 245). Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.