■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLARD RYDER, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, entered April 15, 1964, which denied after a hearing his application to vacate a judgment of the former County Court, Kings County, rendered March 9, 1955, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence. The sole contention raised by defendant on this appeal is that a confession was obtained from him in violation of his constitutional rights. Order affirmed. (*People* v. *Nicholson,* 11 N Y 2d 1067; *People* v. *Rogers,* 15 N Y 2d 690; *People* v. *Dash,* 16 N Y 2d 493.) Beldock, P. J., Ughetta, Hill and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARTHUR SANDS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered August 26, 1964, convicting him of attempted robbery in the first degree and possession of a dangerous weapon (as a felony), upon a jury verdict, and imposing sentence upon him as a second felony offender. Judgment reversed, on the law, and a new trial ordered. No questions of fact were considered. Defendant was a friend of one of two men who tried to hold up a liquor store and who escaped in the cab which defendant was driving. Almost immediately after defendant and his two passengers left the scene of the crime they were stopped by the police and arrested. The gun which one of the robbers had used during the attempted hold up was found under the front seat wrapped in a hat which defendant later identified as his own. The question for the jury was whether defendant knowingly participated in the robbery attempted by his two passengers, who were apparently drunk. Under these circumstances, the court should have acceded to defendant's request to charge the jury that, where circumstantial evidence is relied upon, the controlling inference must be clear and strong and point logically to the defendant's guilt and such as to exclude to a moral certainty every other reasonable hypothesis (*People* v. *Taddio,* 292 N. Y. 488, 489; *People* v. *Agron,* 10 N Y 2d 130, 140). Failure to give such instruction is reversible error (*People* v. *D'Anna,* 243 App. Div. 259). The court likewise should have instructed the jury, as requested by defendant, that the presumption that a gun is in the possession of all the occupants of an automobile in which the gun is found does not apply when a gun is found in an automobile being operated for hire by a duly licensed driver in the proper pursuit of his trade (Penal Law, § 1899, subd. 3). Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.