OPINION OF THE COURT
Jo Ann Ferdinand, J.
Defendant is charged in a simplified traffic information with *654 aggravated unlicensed operation of a motor vehicle in the third degree in violation of Vehicle and Traffic Law § 511 (1) (a), a traffic infraction.
Defendant moves to dismiss the accusatory instrument on the ground that the supporting deposition does not sufficiently corroborate the simplified traffic information. *
A charge of Vehicle and Traffic Law § 511 (1) (a) can be commenced by a simplified traffic information which, as defined in CPL 100.10 (2) (a) "is [a] written accusation by a police officer * * * filed with a local criminal court, which charges a person with the commission of one or more traffic infractions and/or misdemeanors relating to traffic, and which, being in a brief or simplified form prescribed by the commissioner of motor vehicles, designates the offense or offenses charged but contains no factual allegations of an evidentiary nature supporting such charge or charges.” Thereafter, upon request of a defendant, the People must serve "a supporting deposition of the complainant police officer or public servant, containing allegations of fact, based either upon personal knowledge or upon information and belief, providing reasonable cause to believe that the defendant committed the offense or offenses charged.” (CPL 100.25 [2].)
A person is guilty of aggravated unlicensed operation of a motor vehicle in the third degree under Vehicle and Traffic Law § 511 (1) (a) "when such person operates a motor vehicle upon a public highway while knowing or having reason to know that such person’s license or privilege of operating such motor vehicle in this state or privilege of obtaining a license to operate such motor vehicle issued by the commissioner is suspended, revoked or otherwise withdrawn by the commissioner.”
*655 In the case at hand, the simplified traffic information charging the defendant with driving with a suspended license consisted of a universal summons. The universal summons has been designated by the Commissioner of Motor Vehicles in accordance with CPL 100.10 (2) (a) as the appropriate accusatory instrument to be used for charges constituting traffic infractions.
In addition to the universal summons, the People filed a form supporting deposition which consists of an introductory portion for the date, time and place of the arrest and three paragraphs entitled: Observation, Suspension and Knowledge. Under the "Observation” section, the complainant police officer filled in the year, make and license plate number of the defendant’s car in conjunction with the prewritten statement that the defendant was observed operating a motor vehicle on a public highway.
Under the "Suspension” section, the complainant police officer checked off the box indicating that the defendant’s license had been suspended, as opposed to revoked, based on a computer check of the New York State Department of Motor Vehicles. The prewritten portion of this section also states that a copy of the teletype printout is enclosed with the deposition. The People failed, however, to attach a copy of the teletype printout.
Under the "Knowledge” section, the prewritten portion states that the defendant was unable to produce a valid license and that the Department of Motor Vehicles routinely sends notification of suspensions or revocations to a motorist at the most current address supplied. In addition, the complainant police officer checked off the box which states that "the computer check revealed that defendant’s license was suspended for failure to answer a traffic summons, and all such summons have printed on them 'if you do not answer this ticket by mail within fifteen (15) days, your license will be suspended.’ The suspension occurs automatically (by computer) within 4 weeks of the defendant’s failure to answer.”
Defendant argues that in the absence of the teletype printout of the defendant’s suspensions, the supporting deposition fails to properly corroborate the simplified traffic information, in that it fails to provide reasonable cause to believe that the defendant committed the offense charged.
For a misdemeanor information to be facially sufficient, it must conform to the requirements of CPL 100.15 and 100.40. *656 The factual portion must allege facts of an evidentiary character supporting or tending to support the charges. (CPL 100.15 [3].) Further, the allegations of the factual part must provide reasonable cause to believe that the defendant committed the oifenses charged. (CPL 100.40 [1] [b].) Lastly, nonhearsay allegations must establish, if true, every element of each offense charged as well as defendant’s commission thereof. (CPL 100.40 [1] [c].)
The requirements for commencing a prosecution of a traffic infraction by filing a simplified traffic information are less than those associated with a misdemeanor information. To begin with, by definition, a simplified traffic information is not required to contain factual allegations. (CPL 100.10 [2] [a].) Furthermore, even if a supporting deposition is requested by the defendant, the factual allegations therein need only provide reasonable cause to believe that the defendant committed the offense charged. Most significant, however, is the fact that the People are not required to set forth nonhearsay allegations establishing every element of the offense charged.
Here, the supporting deposition filed by the People does provide reasonable cause to believe that the defendant violated Vehicle and Traffic Law § 511 (1) (a). It states that the complainant police officer observed defendant operating a motor vehicle on a public highway, that he conducted a computer check of the Department of Motor Vehicles which revealed that the defendant’s license was suspended, and that the defendant had knowledge of the suspension, based on the notice provided on the summonses. The fact that the supporting deposition relies on hearsay is permissible under CPL 100.25, which allows for allegations of fact, based either upon personal knowledge or upon information and belief. Furthermore, the People’s failure to supply a copy of the teletype printout, although referred to in the supporting deposition, does not render the instrument invalid. The printout is not required to comply with CPL 100.25 as the People are not required to set forth a prima facie case. Accordingly, defendant’s motion to dismiss is denied.
This case is distinguishable from People v Isabel (NYLJ, May 7, 1993, at 26, col 5 [Crim Ct, NY County]) and People v Pierre (157 Misc 2d 812 [Crim Ct, NY County 1993]), both of which involved the sufficiency of misdemeanor informations not simplified traffic informations. In Isabel, the court found the accusatory instrument insufficient based on the failure to establish the element of knowledge. The court there found the *657 People were required to produce the documents specified in Vehicle and Traffic Law § 214 to establish a prima facie case. While Vehicle and Traffic Law § 214 creates a presumption of mailing thereby eliminating the People’s burden of establishing the defendant’s personal knowledge of the mailing of the notice of suspension upon the People’s production of three specified documents, in a simplified traffic information the People need only provide reasonable cause to believe that the defendant had knowledge of the suspension. Accordingly, the People need not rely on Vehicle and Traffic Law § 214 in order to establish a sufficient simplified traffic information.
Similarly, in Pierre (supra), the court held the accusatory instrument insufficient based on the People’s failure to establish in nonhearsay form the element of suspension. The court there found the People had failed to lay a proper foundation for the admission of the teletype printout as an exception to hearsay. As noted above, CPL 100.25 permits the use of hearsay in a supporting deposition in order to establish the sufficiency of a simplified traffic information.

 In the papers filed with the court, the defendant states that he opposes the People’s statement of readiness. While the court may determine whether the People’s statement of readiness is illusory in the context of a speedy trial motion, the CPL does not provide authority to evaluate the statement of readiness in isolation. In this case, however, a speedy trial motion does not lie for CPL 30.30 does not apply to traffic infractions. CPL 30.30, by its terms, applies to felonies, misdemeanors and violations. A violation is specifically defined to exclude traffic infractions. (Penal Law § 10.00 [3]; People v Albright, NYU, Dec. 6, 1991, at 30, col 4 [App Term, 9th & 10th Jud Dists]; People v Wise, 141 Mise 2d 409 [Nassau Dist Ct 1988]; People v Michalek, 138 Mise 2d 1 [Grim Ct, NY County 1987].)
Based on the defendant’s claim that the instrument is not properly corroborated, the court will deem the defendant’s opposition as a motion to dismiss on the grounds of facial insufficiency pursuant to CPL 170.30 and 170.35 which do apply to simplified informations.