*829 OPINION OF THE COURT
Gary W. Rood, J.
The defendant in the above-titled criminal action has moved for an order of this court, among other things, dismissing, as defective, the information filed in this court pursuant to CPL 170.30 and 170.35. That information charges the defendant with attempted petit larceny. The accusatory part of the information charges only a violation of Penal Law § 155.25, the statute defining the crime of petit larceny, but contains no reference to Penal Law § 110.00, defining "attempt to commit a crime”.
The factual allegations contained in the information are: "That Joseph Alessi, at approx. 1545 hrs., on 05-08-93, at 4395 Nine Mile Point Rd. in the Town of Perinton, N.Y., did attempt to steal property consisting of at least (1) 'Honda Harmony’ lawn mower, Model # HRM 215 5XA, at which time such property had an aggregate value of less than $1000.00, to wit, $599.00, all contrary to the provisions of the statute in such case made and provided.”
The defendant contends that the above factual allegations are insufficient to meet the requirements of CPL 100.40 (1) (c) in that there are no nonhearsay factual allegations supporting the required elements of "attempt to commit a crime” aspect of the charge, i.e., first, that the defendant intended to commit a specific crime, here petit larceny, and second, that the defendant engaged in conduct which tended to effect the commission of such a crime. The People contend that they do not bear the burden of "proving” intent on the face of an accusatory instrument and it is sufficient for the information merely to allege that the defendant committed or attempted to commit the crime charged. The People also contend that the conduct engaged in by the defendant which tends to effect the commission of the intended crime is an issue more appropriate for the trier of fact to determine and not the basis for a court to dismiss the accusatory instrument at the pretrial motion stage. The Assistant District Attorney, in his answering affirmation, after making the foregoing points, goes on to present factual information apparently intended to supplement the factual allegations contained in the information.
CPL 100.40 (1) (c) requires that the nonhearsay allegations of the factual part of an information and/or of any supporting deposition establish, if true, every element of the offense charged and the defendant’s commission thereof. Thus, for an *830 information to be sufficient, its nonhearsay factual allegations, together with those of any supporting depositions, must make a showing of a prima facie case and the failure to make such a showing is a jurisdictionally fatal defect. (People v Alejandro, 70 NY2d 133, 136-138 [1987].)
In discussing the difference between the sufficiency requirements for a felony complaint and those for an information, the Commission Staff Notes following CPL 100.40 (reprinted in NY Cons Law Serv, Book 7A, at 49) point out: "The lodging of the information is not, as in the case of a felony complaint, followed by a preliminary hearing and a grand jury proceeding, and nowhere at any time prior to pleading or trial are the people required to present actual evidence demonstrating a prima facie case. Under the circumstances, the least that should be required of them is an information containing sworn factual allegations of an evidentiary nature which, if given in the form of trial testimony, would spell out a legally sufficient case.”
However, at odds with what is clearly required by CPL 100.40 (1) (c), are the provisions of Penal Law § 155.45 which provide that except in the case of extortion (where the indictment for larceny must so specify), an indictment, information or complaint for larceny is sufficient if it alleges that the defendant stole property of the nature or value required for the commission of the crime charged without designating the particular way or manner in which such property was stolen or the particular theory of larceny involved and proof that the defendant engaged in any conduct constituting larceny as defined in Penal Law § 155.05 is sufficient to support any indictment, information or complaint for larceny, other than when charging larceny by extortion.
Under the provisions of Penal Law § 155.45, if the defendant in this action was charged with petit larceny, rather than attempted petit larceny, the information would be sufficient if it merely alleged that the defendant stole property, regardless of value, and alleged nothing more.
However, as the defendant in this action is charged with attempted petit larceny, the question presented to this court is whether, as the People in this action contend, the information, which merely alleges that the defendant "did attempt to steal property”, is sufficient, relieving the People of the pleading requirements of CPL 100.40 (1) (c) discussed above by, in effect, extending the simplified pleading requirements of Penal *831 Law § 155.45 to the crime of attempted petit larceny. The court finds no authority for such a position.
In order for the defendant to be convicted of attempted petit larceny, the People must prove each of the specific elements of the "attempt” aspect of the charge, i.e., first that the defendant acted with the specific intent to commit petit larceny and, second, that the defendant engaged in conduct which tended to effect the commission of that crime. In People v Bracey (41 NY2d 296 [1977]), the Court of Appeals, discussing attempt, stated: "Thus it must first be established that the defendant acted with specific intent; that is, that he intended to commit a specific crime (see, e.g., People v Kane, 161 NY 380). 'It is not enough to show that the defendant intended to do some unspecified criminal act’ (La Fave & Scott, Criminal Law, § 59, p 429). Secondly it must be proven that the defendant acted to carry out his intent. The law does not punish evil thoughts (People v Sullivan, 173 NY 122, 133; see, also, Holmes, The Common Law, p 65), nor does it generally consider mere preparation sufficiently dangerous to require legal intervention (People v Sullivan, supra; People v Collins, 234 NY 355; People v Werblow, 241 NY 55; People v Rizzo, 246 NY 334). The statute requires that there be 'conduct which tends to effect the commission of the crime contemplated (Penal Law, § 110.00). The act need not be 'the final one for the completion of the offense’ (People v Sullivan, supra, at p 133; see, also, Model Penal Code, § 5.01 [Tent Draft No. 10], p 39), but it must 'carry the project forward within dangerous proximity to the criminal end to be attained’ (People v Werblow, supra, at p 61; People v Ditchik, 288 NY 95, 96; People v Rizzo, supra; People v Di Stefano, 38 NY2d 640)” (People v Bracey, supra, at 300; see also, People v Mahboubian, 74 NY2d 174, 188-192 [1989]).
Based upon the foregoing, this court is of the opinion that in order for an information which charges attempted petit larceny to be sufficient on its face, including meeting all the requirements of CPL 100.40 (1), it and/or any supporting depositions must set forth nonhearsay allegations of fact which establish, if true, each element of the "attempt” aspect of the charge. Accordingly, the court agrees with the defendant that the allegation of the information that the defendant "did attempt to steal property” is conclusory and insufficient.
The court notes that while the Assistant District Attorney’s answering affirmation does contain factual allegations apparently intended to supplement the factual allegations contained *832 in the information, these hearsay allegations by the Assistant District Attorney cannot supply the necessary nonhearsay factual allegations to cure the deficient information. (People v Alejandro, supra, at 138.)
As the court is granting the defendant’s motion to dismiss the information in this action, the defendant’s other requests for relief need not be decided.
Therefore, it is ordered that the information filed in this action be, and hereby is, dismissed pursuant to CPL 170.30 and 170.35.