OPINION OF THE COURT
Gary W. Rood, J.
Both of the above defendants are represented by the same defense counsel. Each defendant is charged with various violations of the Vehicle and Traffic Law, including common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). With the consent of the parties, the court has temporarily joined these cases for the purpose of considering and deciding the defendants’ respective motions to dismiss because of the similar questions of law involved.
Defendant Smith is charged with common-law driving while intoxicated and several traffic infractions by several simplified traffic informations. A single checkoff-form supporting deposition by the arresting officer was voluntarily supplied and filed with the simplified traffic informations. Defendant Richardson is charged with both common-law driving while intoxicated and driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]) by two separate simplified traffic informations and a traffic infraction by a third simplified traffic information. Both a checkoff-form supporting deposition by the arresting *356 officer and an additional supporting deposition by another police officer were voluntarily supplied and filed with the simplified traffic informations.
Defendant Smith seeks to have the simplified traffic information charging him with common-law driving while intoxicated dismissed upon the ground that the accusatory instrument, here a simplified traffic information supplemented by a supporting deposition, is jurisdictionally defective because it does not meet the sufficiency requirements specified by the Court of Appeals in People v Alejandro (70 NY2d 133) pursuant to CPL 100.40 (1) (c), i.e., that the nonhearsay allegations of the information, together with those of any supporting deposition, must be sufficient, if true, to establish a prima facie case. His specific objection is that the supporting deposition does not contain a specific nonhearsay allegation that he was intoxicated. Defendant Richardson seeks to have the simplified traffic information charging him with common-law driving while intoxicated dismissed upon the same ground for the same reason.
i.
APPLICATION OF PEOPLE v ALEJANDRO (70 NY2d 133)
TO SIMPLIFIED TRAFFIC INFORMATIONS CHARGING VIOLATIONS OF VEHICLE AND TRAFFIC LAW § 1192 (2) AND (3)
The defendants argue that because they are charged with driving while intoxicated, an unclassified misdemeanor (see, Vehicle and Traffic Law § 1193 [1] [b]), each of them is entitled to the same protection as a defendant charged by information, that being that the nonhearsay allegations of the accusatory instrument and/or any supporting depositions must establish, if true, every element of the offense charged and the defendant’s commission thereof (see, CPL 100.40 [1] [c]), and if this "prima facie case” requirement is not met, then the simplified traffic informations should be dismissed as jurisdictionally defective in accordance with the Court of Appeals rulings in Alejandro (supra).
The People argue that because these defendants have been charged by simplified traffic informations, the pleading sufficiency requirements of CPL 100.40 (1) (c) are not applicable and, therefore, Alejandro (supra) is not applicable. The People contend that the Court of Appeals rulings in Alejandro, when read with its rulings in People v Hohmeyer (70 NY2d 41), *357 created two classes of criminal defendants charged with misdemeanors: those charged with misdemeanors under the Penal Law and those charged with traffic related misdemeanors.
Central to the issue of whether the rulings of Alejandro (supra) should be followed in the cases at bar is not whether a defendant charged with a traffic related misdemeanor is to be treated differently than a defendant charged with misdemeanor under the Penal Law, but, rather, whether a defendant charged with a traffic related misdemeanor by a simplified traffic information should be treated differently and protected less than a defendant charged with the same misdemeanor by an information.
An information is a verified written accusation by a person charging one or more other persons with one or more offenses, none of which is a felony, and can serve as a basis for both commencing and prosecuting the criminal action (CPL 1.20 [4]; 100.10 [1]). Its factual part may be based either upon personal knowledge or upon information and belief and must allege facts of an evidentiary character supporting or tending to support the charges (CPL 100.15 [3]). In addition, for an information to be sufficient on its face, the allegations of its factual part, together with those of any supporting depositions which accompany it, must provide reasonable cause to believe the defendant committed the offense charged in the accusatory part and the nonhearsay allegations of the factual part and/or any supporting depositions must establish, if true, every element of the offense charged and the defendant’s commission thereof (CPL 100.40 [1] [b], [c]). This latter "prima facie case” requirement is jurisdictional and the failure to meet it is a jurisdictionally fatal defect which cannot be waived, even by a defendant’s failure to raise the issue until after trial, and requires dismissal (People v Alejandro, supra, at 135).
As previously cited by this court (see, People v Alessi, 159 Misc 2d 828, 830), the Commission Staff Notes following CPL 100.40 (reprinted in NY Cons Law Serv, Book 7A, at 49) point out: "The lodging of the information is not, as in the case of a felony complaint, followed by a preliminary hearing and a grand jury proceeding, and nowhere at any time prior to pleading or trial are the people required to present actual evidence demonstrating a prima facie case. Under the circumstances, the least that should be required of them is an information containing sworn factual allegations of an eviden *358 tiary nature which, if given in the form of trial testimony, would spell out a legally sufficient case.”
In his concurring opinion in Alejandro (supra), Judge Bellacosa stated:
"I concur in the result and in the reasoning of the [majority] opinion by Judge Hancock. I am also of the view that this result is a small price to pay for upholding the logic of the statutory framework. It supplies elemental fairness to defendants prosecuted for less serious crimes, but crimes nevertheless, which affect ordinary people and produce lifetime criminal records.
"In coming to this conclusion, I am not unmindful either of the practicalities encountered in prosecuting the relatively greater numbers of these relatively less serious crimes. Rather, that is all the more reason for caution and special protections so that such prosecutions do not become routinized or treated by anyone as insignificant or unimportant.” (People v Alejandro, supra, at 140.)
Any alleged violation of the Vehicle and Traffic Law, whether a misdemeanor or a mere traffic infraction, may be charged by an information instead of a simplified traffic information (CPL 100.10 [1], [2] [a]). If either defendant had been charged by information, the nonhearsay factual allegations of the information and/or any supporting depositions would have had to establish a prima facie case for the driving while intoxicated charge or charges and for each of the traffic infractions charged in order to be jurisdictionally sufficient with regard to all offenses charged thereby. If the nonhearsay factual allegations failed to establish a prima facie case with regard to any of the charges, even one of the traffic infractions, that charge would have to be dismissed pursuant to Alejandro (supra).
A misdemeanor complaint, like an information, is a verified written accusation by a person charging one or more other persons with one or more offenses, none of which is a felony. Unlike an information, at least one of the offenses charged by the misdemeanor complaint must be a misdemeanor. While the misdemeanor complaint can serve as a basis for commencing the criminal action, it cannot serve as a basis for prosecuting the criminal action unless the defendant waives prosecution by information and consents to be prosecuted upon the misdemeanor complaint (CPL 1.20 [7]; 100.10 [4]; 170.65 [3]). Although nonhearsay allegations establishing a prima facie *359 case are not necessary, for a misdemeanor complaint to be sufficient, its factual part, as with an information, must contain allegations of facts of an evidentiary character, based upon personal knowledge or upon information and belief, which support or tend to support the charges (CPL 100.15 [3]) and the factual allegations of the factual part and/or any supporting depositions filed with it must provide reasonable cause to believe the defendant committed the offense charged (CPL 100.40 [4] [b]).
A defendant charged by a misdemeanor complaint is not required to enter a plea thereto and if he or she does not waive prosecution by information, it must be replaced by an information (CPL 170.65 [1]). This right to be prosecuted by information is substantial and takes into account a fundamental difference between the misdemeanor complaint and the information, i.e., the misdemeanor complaint may rest upon hearsay allegations while the information may not (People v Weinberg, 34 NY2d 429, 431). Therefore, a defendant charged by a misdemeanor complaint, in the absence of a waiver, is afforded the same protection as a defendant charged by an information of having the charge supported by nonhearsay factual allegations establishing a prima facie case.
So long as at least one charge is a misdemeanor, one or more alleged violations of the Vehicle and Traffic Law may be charged by a misdemeanor complaint rather than by simplified traffic information. If either defendant had been charged by a misdemeanor complaint, as could have been done here because each was charged with at least one misdemeanor count of driving while intoxicated, then the defendant so charged could have required that the misdemeanor complaint be replaced and superseded by an information and the People would have had to establish, by nonhearsay factual allegations, a prima facie case for all of the offenses charged by the superseding information.
As observed by the Court of Appeals, "[t]he simplified information is a statutory creature designed to provide an uncomplicated form for handling the large volume of traffic infractions and petty offenses for which it is principally used” (People v Nuccio, 78 NY2d 102, 104). The use of simplified traffic informations to charge a defendant with "one or more traffic infractions, and/or misdemeanors relating to traffic” is authorized by CPL 100.10 (2) (a), which provides that it is to be in a brief or simplified form prescribed by the Commissioner which designates the offense or offenses charged but *360 does not contain factual allegations of an evidentiary nature supporting such charge or charges. A simplified traffic information alone does not need to provide, on its face, reasonable cause to believe the defendant committed the offense charged (People v Key, 45 NY2d 111, 115-116; People v Nuccio, supra, at 104). A simplified traffic information serves as the basis for commencement of a criminal action for such traffic offenses, ^alternative to the charging thereof by a regular information” (CPL 100.10 [2] [a]). A defendant arraigned upon a simplified traffic information is entitled, as a matter of right, to a supporting deposition by the complainant police officer or public servant, provided it is timely requested (CPL 100.25 [2]). Except under the circumstances noted below, when a defendant charged by a simplified traffic information fails to timely request a supporting deposition, the simplified traffic information may also serve as a basis for prosecution of the offense or offenses charged (CPL 100.10 [2] [a]; 100.25 [2]; People v Nuccio, supra, at 104; People v Key, 87 Misc 2d 262, 266, affd 45 NY2d 111). Where a defendant timely requests a supporting deposition, the failure to timely provide it renders the simplified traffic information insufficient on its face, subjecting it to dismissal upon motion (CPL 100.40 [2]; 170.30 [1] [a]; 170.35 [1] [a]; People v Nuccio, supra, at 104). Even where the complainant police officer does timely provide a supporting deposition, it must satisfy the requirement of CPL 100.25 (2) that it contain factual allegations providing reasonable cause to believe the defendant committed the offense or offenses charged or the simplified traffic information is subject to dismissal on motion pursuant to CPL 170.35 (1) (a) (People v Hust, 74 Misc 2d 887, 890; People v Key, supra, 87 Misc 2d, at 266).
In both criminal actions before the court, supporting depositions were voluntarily supplied and filed with the simplified traffic informations. Where a supporting deposition is voluntarily supplied within the time during which a defendant, pursuant to CPL 100.25 (2), may demand a supporting deposition, the voluntary providing of that supporting deposition moots the defendant’s right to demand one and the People, in voluntarily supplying the supporting deposition, must satisfy the requirement of CPL 100.25 (2) that the supporting deposition must provide reasonable cause to believe the defendant committed the offense or offenses charged (People v Key, supra, 87 Misc 2d, at 266; People v Key, supra, 45 NY2d, at 116).
CPL 100.20 defines a supporting deposition as "a written *361 [verified] instrument accompanying * * * an information, a simplified information, a misdemeanor complaint or a felony complaint, subscribed and verified by a person other than the complainant of such accusatory instrument, and containing factual allegations of an evidentiary character, based either upon personal knowledge or upon information and belief, which supplement those of the accusatory instrument and support or tend to support the charge or charges contained therein.” CPL 100.25 (2) requires that a supporting deposition provided by the complainant police officer or public servant contain "allegations of fact, based either upon personal knowledge or upon information and belief, providing reasonable cause to believe that the defendant committed the offense or offenses charged.”
The Court of Appeals, in sustaining the use of a checkoff-form of supporting deposition, ruled that a supporting deposition by a complainant police officer must contain both " 'factual allegations of an evidentiary character * * * which supplement those of the accusatory instrument and support or tend to support the charge or charges contained therein’ ”, as required by CPL 100.20, and " 'allegations of fact * * * providing reasonable cause to believe the defendant committed the offense or offenses charged’ ”, as required by CPL 100.25 (2) (People v Hohmeyer, 70 NY2d 41, 43, supra). This ruling, without more, makes the pleading sufficiency requirements for a supporting deposition to a simplified traffic information virtually identical to the pleading sufficiency requirements for a misdemeanor complaint.
If the court’s analysis was to end here and the court was to hold that a supporting deposition supplementing a simplified traffic information need only meet the pleading sufficiency requirements spelled out in Hohmeyer (supra), then clearly a defendant charged with a traffic related misdemeanor by a simplified traffic information supplemented by a supporting deposition would be in a much less protected position than a defendant charged with the exact same traffic related misdemeanor by an information. Even though the defendant charged by a simplified traffic information is charged with the same offense and subject to the same penalties and possibility of a permanent criminal record as the defendant charged by an information and the considerations for requiring the establishment of a prima facie case are equally applicable to either situations (see, above quoted text from Commn Staff Notes, op. cit.; People v Alejandro, supra [Bellacosa, J., concurring]), the *362 People would not have to establish a prima facie case in the case of a simplified traffic information while the failure to do so is a jurisdictional defect mandating dismissal in the case of an information, even if the issue were not raised until after the completion of the trial (People v Alejandro, supra, at 134-135). Most definitely, the defendants in these two situations are not being equally protected by the law.
This disparity in the treatment would also occur when one defendant is charged with a traffic related misdemeanor by simplified traffic information supplemented by a supporting deposition and another defendant is charged with the same offense by a misdemeanor complaint. While in neither situation would the People have to, as a matter of pleading, establish a prima facie case by nonhearsay allegations of fact, the defendant charged by the misdemeanor complaint could refuse to enter a plea thereto and demand that it be replaced by an information, which must establish a prima facie case or be subject to dismissal as jurisdictionally defective. Again, two defendants charged with the exact same offense, but by different types of accusatory instruments, would not be equally protected by the law.
It defies logic, as well as the concepts of fairness and equal protection, for the Court of Appeals to have intended, as the People contend, that its decisions in Hohmeyer (supra), decided June 9, 1987, and Alejandro (supra), decided just two days later, should create two classes of criminal defendants charged with misdemeanors; those charged with traffic related misdemeanors and those charged with Penal Law misdemeanors. The People’s position is all the more tenuous when one considers that, as pointed out above, a defendant charged with a trafile related misdemeanor could be charged by either an information or a misdemeanor complaint and, thereby, undisputedly be entitled to all of the same pleading protection given to a defendant charged with an offense under the Penal Law. To sustain the People’s position would require this court to hold that there are two classes of defendants charged with traffic related misdemeanors: those charged by simplified traffic information and those charged by information or misdemeanor complaint. Such a holding cannot be supported by logic or reason. Further, this court does not read Hohmeyer to preclude the application of the principles of Alejandro to a case where the defendant is charged with a misdemeanor by a simplified traffic information. Rather, this court’s reading of Hohmeyer is that the issue of whether the People must plead *363 a prima facie case where a defendant is so charged was simply not before the court.
This court believes that the Equal Protection Clauses of both the United States and New York State Constitutions (US Const, 14th Amend, § 1; NY Const, art I, § 11) require that any defendant charged with a misdemeanor under the laws of the State of New York is, in the absence of a waiver thereof, entitled to have the factual allegations of the accusatory instrument which is the basis for the prosecution of the criminal action and/or those of any supporting depositions, both provide reasonable cause to believe the defendant committed the offense charged and establish a prima facie case against the defendant (see, People v Iwasiw, Just Ct, Monroe County 1994, Lunn, J.). Accordingly, this court holds that where a defendant is charged by a simplified information with one or more misdemeanor offenses and the defendant timely requests a supporting deposition, or one is voluntarily provided by the People before the defendant’s time to request one has expired, the factual allegations of the supporting deposition or depositions must provide reasonable cause to believe the defendant committed the offense or offenses charged and must contain nonhearsay allegations of fact which establish, if true, a prima facie case against the defendant. However, where a defendant in such a case fails to timely request a supporting deposition and none is voluntarily provided by the People, the defendant’s failure to make a timely request should be deemed a waiver of the defendant’s foregoing rights and the simplified information alone may serve as a basis for the prosecution of the criminal action.
II.
REQUIREMENT OF "NONHEARSAY” ALLEGATIONS OF FACT
Applying the above rulings to the facts of the cases before the court, the supporting depositions voluntarily supplied by the People to supplement the simplified traffic informations charging driving while intoxicated must contain nonhearsay allegations of facts which establish, if true, every element of the offense charged and the particular defendant’s commission thereof. The People argue, in effect, that such "nonhearsay allegations of fact” should include hearsay which would be admissible at trial. The court has reviewed several local criminal court decisions which, to some extent, support this position (see, People v Fields, 74 Misc 2d 109 [Dist Ct, Nassau *364 County 1973]; People v Conoscenti, 83 Misc 2d 842 [Dist Ct, Suffolk County 1975]; People v Haskins, 107 Misc 2d 480 [Crim Ct, NY County 1981]; People v Hurtado, 116 Misc 2d 897 [Crim Ct, NY County 1982]; People v Flushing Hosp. & Med. Ctr., 122 Misc 2d 260 [Crim Ct, Queens County 1983]; People v Polito, 128 Misc 2d 71 [Rochester City Ct 1985]; People v Caraballo, 135 Misc 2d 536 [Crim Ct, Kings County 1987]).
Based upon those decisions reviewed and the reasons given by the courts rendering those decisions, this court rules that the nonhearsay allegations of fact required for the facial sufficiency of an information may include hearsay which would be admissible at trial, so-called "admissible hearsay”, but with one proviso: the basis for the admissibility of the hearsay must be supported by nonhearsay allegations of fact contained in the information and/or any supporting depositions or, in the case of a document sought to be used under the business records exception of CPLR 4518 (a), its admissibility must be apparent on the face of the document.
III.
SUFFICIENCY OF ACCUSATORY INSTRUMENTS CHARGING DEFENDANTS WITH DRIVING WHILE INTOXICATED
The court must now determine whether the accusatory instruments charging the defendants with driving while intoxicated are legally sufficient in accordance with the above rulings.
Defendant Smith, charged only with common-law driving while intoxicated, contends that the supporting deposition filed in his case is defective because it fails to specifically allege that he was intoxicated. Defendant Richardson, charged with both common-law driving while intoxicated and driving while intoxicated per se, contends that while the supporting depositions filed in his case may be sufficient for the driving while intoxicated per se charge, they are still defective with regard to the common-law driving while intoxicated charge due to the absence of a specific allegation that he was intoxicated.
Neither of the supporting depositions filed in defendant Richardson’s case specifically allege that he was intoxicated but the checkoff-form supporting deposition of the arresting officer alleges that the arresting officer observed the administration of the breathalyzer test by another deputy, the defen *365 dant’s offering a breath sample and the breathalyzer results indicated a .20% blood-alcohol content (BAG). The second supporting deposition contains nonhearsay allegations by another police officer of his observations of the manner of operation of the vehicle being driven by defendant Richardson.
In People v Darnley (Just Ct, Monroe County 1993, Olver, J.), the court held, in dicta, that the rationale of Alejandro (supra) precluded any other conclusion but that a supporting deposition supplementing a simplified traffic information charging a violation of Vehicle and Traffic Law § 1192 (3), in order to be sufficient, must contain a specific allegation that the defendant was intoxicated, even when it sets forth allegations describing observations of the defendant’s physical condition and his performance of certain field sobriety tests.
Under Vehicle and Traffic Law § 1192 (9), a driver charged with a violation of either Vehicle and Traffic Law § 1192 (2) or (3) may be convicted of a violation of Vehicle and Traffic Law § 1192 (1) (driving while ability impaired by the consumption of alcohol), (2) or (3), whether the conviction is based upon a verdict after trial or a guilty plea. Therefore, a defendant charged with a violation of Vehicle and Traffic Law § 1192 (2) by an accusatory instrument legally sufficient to serve as a basis for prosecution could be convicted of a violation of Vehicle and Traffic Law § 1192 (3).
Accordingly, this court holds that when a defendant is charged with a violation of Vehicle and Traffic Law § 1192 (3) by a simplified traffic information supplemented by one or more supporting depositions, a supporting deposition must contain a nonhearsay allegation that the defendant was intoxicated unless one or more supporting depositions contain sufficient nonhearsay allegations that the defendant was operating a motor vehicle in an erratic or unlawful manner and that the results of a chemical test properly administered to the defendant pursuant to Vehicle and Traffic Law § 1194 showed the defendant to have a BAG of .10% or more. When a supporting deposition supplementing a simplified traffic information (or, for that matter, when a regular information) is legally sufficient to charge a violation of Vehicle and Traffic Law § 1192 (2) and also contains nonhearsay allegations of erratic or unlawful operation by the defendant, such combination of facts is sufficient to establish that the defendant was intoxicated while operating a motor vehicle, which is all that *366 is required to establish, prima facie, a violation of Vehicle and Traffic Law § 1192 (3).
Therefore, because the supporting deposition filed in defendant Smith’s case does not allege he was intoxicated and contains no allegation regarding a chemical test administered to him, the simplified traffic information charging defendant Smith with a violation of Vehicle and Traffic Law § 1192 (3) must be dismissed, without prejudice to the timely filing of a new legally sufficient accusatory instrument, and it is so ordered. The same is not true in the case of defendant Richardson unless factual allegations of the supporting depositions filed in his case are not legally sufficient to charge a violation of Vehicle and Traffic Law § 1192 (2). Even though defendant Richardson has not challenged the sufficiency of the supporting depositions with regard to that charge, the court’s last made ruling nevertheless requires resolution of that issue in order to determine if the Vehicle and Traffic Law § 1192 (3) charge against defendant Richardson should be dismissed.
In Darnley (supra), the court, also in dicta, held that the allegations concerning the breathalyzer test administered to the defendant in that case had to be nonhearsay, stating: "[I]t would certainly seem to be the preferred practice for there to be a supporting deposition from the breath test operator or, at the least, sufficient allegations in a Supporting Deposition to demonstrate the non-hearsay basis for any allegation as to test results.” (People v Darnley, supra, at 4-5.)
 This court concurs with Darnley (supra) to the extent it holds, in effect, that the factual allegations concerning the chemical test required to charge a violation of Vehicle and Traffic Law § 1192 (2) must be nonhearsay, that the nonhearsay character of said allegations must be apparent on the face of the instrument and that the preferred practice would be a supporting deposition from the person administering the test. However, this court does not agree that an arresting officer who personally observes the administration and results of a breathalyzer test is in the same position as the breathalyzer operator nor that arresting officer’s mere observations of the test and its results, be it a breathalyzer test or some other chemical test, without more, is sufficient.
People v Connaughton (NYLJ, Oct. 23, 1992, at 26, col 2 [Grim Ct, Queens County]) is helpful. In Connaughton, the court held that to properly charge a defendant with violating Vehicle and Traffic Law § 1192 (2), the information "must *367 contain a corroborating affidavit indicating the chemical test results” and dismissed the charge because the information only alleged that the defendant registered a .16% BAG under an Aleo-Sensor test, citing People v Thomas (121 AD2d 73, affd 70 NY2d 823), where the Fourth Department held such a breath test to be inadmissible as evidence of intoxication for the purpose of determining whether a "chemical test” was administered within the meaning of Vehicle and Traffic Law § 1192 (2). Thus, in Connaughton, the information was dismissed, not because the officer’s statement was hearsay, but, rather, because the statement was inadmissible, for another reason, even though apparently not hearsay.
The court finds the rationale of Connaughton (supra) compelling and holds the allegations of fact required for a sufficient supporting deposition supplementing a simplified traffic information (or for a sufficient information), even when clearly not hearsay, must be otherwise admissible in order to establish a prima facie case.
In defendant Richardson’s case, the arresting officer’s testimony regarding his observations of the administration and results of the breathalyzer test would not be admissible until a proper foundation was laid. Neither supporting deposition alleges facts sufficient to show the arresting officer’s observation of the test result would be admissible. Therefore, the arresting officer’s statements regarding his observations of the administration and results of the breathalyzer, even if true and not hearsay, are not admissible and, therefore, do not establish that defendant Richardson had .10% or more BAG as shown by a chemical test made pursuant to Vehicle and Traffic Law § 1194.
As the supporting depositions in the action against defendant Richardson are not sufficient to charge a violation of Vehicle and Traffic Law § 1192 (2), then, in accordance with this court’s holding above, the Vehicle and Traffic Law § 1192 (3) charge against him must be dismissed, but, as in the case of defendant Smith, without prejudice to the timely filing of a new legally sufficient accusatory instrument, and it is so ordered. While defendant Richardson has not moved to dismiss the Vehicle and Traffic Law § 1192 (2) charge against him, nevertheless, because under Alejandro (supra), the lack of a legally sufficient accusatory instrument would be a juris *368 dictional defect which could even be raised after trial, the Vehicle and Traffic Law § 1192 (2) charge is also dismissed, again without prejudice to the timely filing of a new legally sufficient accusatory instrument, and it is so ordered.
[Portions of opinion omitted for purposes of publication.]