*754 OPINION OF THE COURT
Ronald J. Buttarazzi, J.
On April 5, 1995, the Sheriff’s office of Monroe County investigated an accident involving personal injuries and property damage. On April 6, 1995, a long form information was filed against the defendant for a violation of Vehicle and Traffic Law § 1192 (3), the common-law charge of driving while intoxicated. Thereafter on May 29, 1995, a second charge was brought against the defendant by the filing of a simplified traffic information charging defendant with over .10% blood alcohol content in violation of Vehicle and Traffic Law § 1192 (2). On July 5, 1995 the court received a motion demanding among other things that the simplified traffic information be dismissed and demanding that a long form information be filed on the second charge, and further demanding that the simplified traffic information be dismissed because of the alleged insufficiency of a laboratory report as a purported supporting deposition.
The court records do not contain a copy of an alleged laboratory report, nor a copy of any purported supporting deposition, nor that there was ever a timely demand for a supporting deposition pursuant to CPL 100.25 (2). Although defendant has an absolute right for a supporting deposition, that right to a supporting deposition has been held waived when a timely demand for the deposition has not been made (People v Rossi, 154 Misc 2d 616). An argument was presented that a certain laboratory report submitted to the defendant by the prosecution was insufficient as a supporting deposition. There is nothing in the record to establish that the laboratory report or reports given to the defendant were ever intended and forwarded to defendant as a supporting deposition, nor given in response to a demand for a supporting deposition. Since it has not been established that the laboratory report or reports were ever intended to be a supporting deposition, their insufficiency is not properly before the court.
Defendant further raises the issue as to whether the court has jurisdiction where a criminal charge is filed by means of a simplified traffic information which is sufficient under CPL 100.10 (2) (a) but is clearly insufficient under the learning of People v Alejandro (70 NY2d 133). Defendant relies upon People v Smith (163 Misc 2d 353 [Just Ct 1994]) in which the court ruled that the. supporting deposition was insufficient where it did not meet the standards established in People v Alejandro *755 (70 NY2d 133, supra). In People v Alejandro (70 NY2d 133, 137) the Court of Appeals ruled: "that in order for an information or count thereof to he sufficient on its face, every element of the offense charged and the defendant’s commission thereof must he supported hy non-hearsay allegations of such information and! or any supporting depositions. ” (Emphasis in original.) Defendant plausibly argues that the charge against him must be brought by means of an information because "[i]t defies logic * * * [and] fairness” that a simplified information be treated differently than an information and/or misdemeanor complaint resulting in "defendants * * * not be[ing] equally protected by law.” (People v Smith, 163 Misc 2d 353, 362, supra.)
This court holds that the rule of People v Alejandro (supra) does not require that a simplified traffic information be dismissed for failure to meet the standards of a long form information. In People v Bohack (23 NY2d 189, 195) the Court held: "The Constitution does require that the defendant be informed of the nature of the charge and the circumstances under which he is alleged to have violated the law. But the bill of particulars which the defendant * * * could have had * * * fulfills this function * * * There is no constitutional impediment to what the Legislature has here done”. In People v Key (45 NY2d 111, 116-117) the Court reasoned: "Since a simplified traffic information can proceed to trial without any supporting deposition at all, and hence, without any facts providing reasonable cause, it is unacceptable that absence of a factual allegation in the deposition is nonwaivable.” The rationale for permitting the use of a simplified information in conferring jurisdiction was set forth by the Court of Appeals in People v Nuccio (78 NY2d 102, 104) where the Court explained: "The simplified information is a statutory creature designed to provide an uncomplicated form for handling the large volume of traffic infractions and petty offenses for which it is principally used * * * a simplified traffic information is sufficient if it complies with the form required by the Commissioner of Motor Vehicles.” The simplified traffic information has been treated as the original pleading conferring jurisdiction (People v Boback, 23 NY2d 189, supra), and has been held sufficient to confer jurisdiction after a plea of guilty or going to trial (People v Beattie, 80 NY2d 840). This alternative statutory scheme for securing jurisdiction in vehicle and traffic matters by means of a simplified traffic information has been tacitly acknowledged by the courts. (See, People v Nuccio, supra; People v Key, supra; People v Hohmeyer, 70 NY2d 41.) For a review of the statutory scheme involving simplified traffic informations, see People v *756 Smith (163 Misc 2d 353, supra). It is not the province of this court to substitute its own subjective logic and sense of fairness where the Legislature has spoken and the statute found to be constitutional.
. The motion of the defendant to dismiss the second charge is hereby denied and the court retains jurisdiction of this matter.