OPINION OF THE COURT
Roy Wheatley King, J.
Defendant is charged by simplified traffic informations with operation of a vehicle while registration is suspended in violation of Vehicle and Traffic Law § 512, driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3), and driving while intoxicated per se, in violation of Vehicle and Traffic Law § 1192 (2), alleged to have occurred on March 14, 1999 on Ridgeway Avenue at approximately 12:32 a.m. A supporting deposition dated March 14, 1999, relating to the suspended registration charge, was voluntarily provided by the arresting officer within the time during which a defendant may demand such a supporting deposition pursuant to CPL 100.25 (2). Attached to and referenced in the supporting deposition is an uncertified computer-generated New York State Department of Motor Vehicles (NYS DMV) DALL printout that was generated in the regular course of police business showing that the vehicle’s registration was suspended on March 1, 1999 for insurance lapse, in violation of Vehicle and Trafile Law § 512.
Defendant, by his attorney, filed an omnibus motion dated April 19, 1999 seeking, inter alia, dismissal of the Vehicle and Traffic Law § 512 charge on the ground that the simplified traffic information, supplemented by a supporting deposition, is jurisdictionally defective because it does not meet the sufficiency requirements specified in People v Alejandro (70 NY2d 133) and CPL 170.30 (1) (a) and (f); 170.35 (1) (a); 100.15 (3) and 100.40 (1) (c).
Operating a motor vehicle with a suspended registration is an unclassified misdemeanor (Penal Law § 55.10 [2] [c]; Vehicle and Traffic Law § 512). For a misdemeanor information to be facially sufficient, it must conform to the requirements of CPL 100.15 and 100.40. The factual portion must allege facts of an evidentiary nature, supporting or tending to support the charges (CPL 100.15 [3]). The allegations of the factual part must provide reasonable cause to believe that defendant committed the offenses charged (CPL 100.40 [1] [b]). The nonhearsay allegations must establish, if true, every element of each offense charged as well as defendant’s commission thereof (CPL 100.40 [1] [c]).
*759 Defendant’s motion raises the following two issues:
(a) the effect of voluntarily supplying the supporting deposition by the police officer within the time when defendant, pursuant to CPL 100.25 (2), may demand a supporting deposition; and
(b) the facial sufficiency of the accusatory instrument and the supporting deposition relating to the Vehicle and Traffic Law § 512 violation, and particularly, whether the uncertified attached computer-generated printout referenced in the factual and nonfactual portions of the supporting deposition, when considered together, are jurisdictionally sufficient.
Counsel for defendant cites numerous unreported local criminal cases to support his application for dismissal and adopts the reasoning of the court in People v Smith (163 Misc 2d 353, 360-363). In particular, he argues that “[t]he Equal Protection Clauses of both the United States and New York State Constitutions (US Const, 14th Amend, § 1; NY Const, art I, § 11) require that any defendant charged with a misdemeanor under the laws of the State of New York in the absence of a waiver thereof, is entitled to have the factual allegations of the accusatory instrument, which is the basis of the prosecution of the criminal action and/or those of any supporting depositions, both provide reasonable cause to believe the defendant committed the offense charged and establish a prima facie case against the defendant.”
The issues raised by the within motion to dismiss are discussed and resolved in part by the holding in People v Smith (supra); there, the court held that where a defendant is charged with a misdemeanor in violation of Vehicle and Traffic Law pursuant to a simplified traffic information and the People voluntarily supply a supporting deposition to supplement the in-formations, the deposition must contain nonhearsay allegations of fact that establish, if true, every element of the offense charged and defendant’s commission thereof; further, the non-hearsay allegations of fact required for the facial sufficiency of an information may include hearsay that would be admissible at trial but the basis for the admissibility of the hearsay must be supported by nonhearsay allegations of fact set forth in the information and/or the supporting deposition or, in the case of a document sought to be admitted as a business record under CPLR 4518 (a), its admissibility must be apparent from the face of the document. Unresolved by Smith, however, is the question whether an uncertified computer-generated printout, attached to and referred to in the factual and nonfactual por *760 tions of a supporting deposition alleging a violation of Vehicle and Traffic Law § 512, and which was voluntarily supplied by the complainant police officer before defendant’s time to request such a supporting deposition has elapsed pursuant to CPL 100.25 (2), is jurisdictionally insufficient.
A supporting deposition in a traffic offense charged in a simplified traffic information requires less than those associated with a misdemeanor (see, People v Howell, 158 Misc 2d 653; cf., People v Pierre, 157 Misc 2d 812 [involving misdemeanor information]). In Howell (supra), defendant was charged in a simplified traffic information with driving with a suspended license, which, at the time, was a traffic infraction, not a misdemeanor. The People failed to supply defendant with a copy of the DMV-generated teletype printout of defendant’s suspensions, although they referred to the printout in the supporting deposition. The court held that the supporting deposition was nonetheless facially sufficient because the printout was not required in order to comply with CPL 100.25 inasmuch as the People were not required to set forth nonhearsay allegations establishing every element of the offense charged where defendant was charged by a simplified traffic information.
Unlike Howell (supra), the accusatory instrument here charges a misdemeanor, i.e., a violation of Vehicle and Traffic Law § 512. Therefore, the accusatory instrument and supporting deposition must comply with the standards set forth in People v Alejandro (supra), and failure to do so renders the charge jurisdictionally defective (see, People v Smith, supra, at 359-362). The elements of operating a vehicle while registration is suspended are: (a) operation of a motor vehicle and (b) the vehicle’s registration is suspended or revoked.
The supporting deposition filed by the complainant police officer states that he stopped defendant’s vehicle and checked the vehicle’s registration record. Upon such a check of that record, he learned that the vehicle’s registration was suspended on March 1, 1999 for insurance lapse. The bases for his allegations were his personal observations, as well as upon information and belief, the source being a check of computer records of the DMV to which his department has access and which he used in the regular course of police business. Immediate access by police employees to computerized or electronically stored information is essential to effective modern day law enforcement. Attached to his supporting deposition was the NYS DMV DALL form generated in the regular course of police business. The court notes that the “form” referred to in the supporting depo *761 sitien is no more than a computer-generated printout from the officer’s mobile data terminal. It is uncertified and there is nothing to permit the court to determine either the origin of the document or whether it is an official New York State DMV form; however, the attached printout is made a part of, and referenced in both the factual and nonfactual part of the supporting deposition. The attached computer printout is made a part of and becomes part of the supporting deposition by reference, the same as an addendum to a contract becomes part of the contract. The supporting deposition, standing alone, certifies that the attached printout is generated from the New York State DMV and is used in the ordinary course of police business. It is signed and sworn to by the arresting officer and meets the standard for supporting depositions under law (see, CPL 100.20, 100.25). Therefore, the two documents form one integrated document and must be read and considered in law much as a contract with an addendum is considered one document (see, e.g., Greater Johnstown School Dist. v Frontier Ins. Co., 252 AD2d 615). When considered together, the nonhearsay allegations in the factual part of the instrument establishes the critical element that the registration of defendant’s motor vehicle was suspended as of March 1, 1999. Reasonable cause to believe a person has committed an offense exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it (CPL 70.10 [2]).
For the reasons stated above, the allegations in the supporting deposition, together with the computer-generated printout, are jurisdictionally sufficient and meet the nonhearsay allegation requirements of People v Alejandro (supra) and CPL 100.40 (1) (c) and 100.15 (3). Defendant’s motion to dismiss the accusatory instrument charging a violation of Vehicle and Traffic Law § 512 is therefore denied.