OPINION OF THE COURT
Per Curiam.
On September 20, 1985, defendant was arrested on the charge of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). In response to a request by defendant (CPL 100.25 [2]), on September 30, 1985, the People served on him and filed with the court a supporting deposition on a form labeled "Supporting Deposition & DWI Bill of Particulars & 710.30 Notice”. The form includes spaces to fill in general information about the charge, chemical test information, and two and a half columns of potentially applicable police observations of defendant’s behavior before and after the stop, with a box next to each, to be used by the arresting officer in checking those which apply. Thereafter, on December 10, 1985, the People filed with the court and served on defendant a statement of readiness for trial. Both the supporting deposition and the statement of readiness were accepted without objection.
*43 On January 15, 1986, defendant moved for dismissal of the charge on the grounds that the People were not ready for trial within "ninety days of the commencement of [the] criminal action” (CPL 30.30 [1] [b]) and that the simplified traffic information was defective (CPL 170.30, 170.35, 100.40 [2]) because the supporting deposition "was no more than a check sheet of multiple choice information containing no factual allegations of an evidentiary nature supporting the charge” and, thus, did not meet the requirements of CPL 100.20 and 100.25 (2). Town Court agreed with defendant, holding that use of this form of supporting deposition denied defendant "his right to require the officer to express, in his own words, what his observations and conclusions are.” Concluding that the supporting deposition was insufficient, Town Court granted what it termed defendant’s "motion to suppress” it. Having found the deposition to be a nullity, the court held that it necessarily followed that the People’s statement of readiness was also a nullity; because there was no statement of readiness, the court granted the motion to dismiss the criminal action under CPL 30.30. County Court affirmed "for the reasons stated” in the Town Court and the People appeal by leave of a Judge of this court. The People contend that the courts below erred in holding that the preprinted supporting deposition failed to contain allegations of fact required by CPL 100.20 and 100.25 (2). We agree.
A supporting deposition must be a "written instrument”, "subscribed and verified”, and "containing factual allegations of an evidentiary character * * * which supplement those of the accusatory instrument and support or tend to support the charge or charges contained therein” (CPL 100.20). In addition, CPL 100.25 (2) mandates that the supporting deposition contain "allegations of fact * * * providing reasonable cause to believe that the defendant committed the offense or offenses charged”.
Here, the factual statements in the deposition are communicated by check marks made in boxes next to the applicable conditions and observations signifying the complainant’s allegations as to the existence of those conditions and the truth of those observations. We hold such signification sufficient to meet the requirements of CPL 100.20 that the supporting deposition be a "written instrument” containing "factual allegations of an evidentiary character” which "support or tend to support the charge or charges contained therein”. The sup *44 porting deposition alleges that the defendant was driving erratically and speeding and that when the officer stopped him, defendant’s eyes were glassy, his speech slurred, his motor coordination impaired, and he smelled of alcohol. In addition, it is alleged that defendant admitted he had been drinking and was driving from one bar to another. The supporting deposition meets the requirements of CPL 100.25 (2), in that it contains factual allegations "providing reasonable cause to believe that the defendant committed the offense or offenses charged”.
The order of County Court should be reversed and the simplified traffic information reinstated.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
Order reversed, etc.