OPINION OF THE COURT
Gary W. Rood, J.
The defendant in the above-entitled action is charged with failing to stop, as required, while facing a steady circular red signal in violation of Vehicle and Traffic Law § 1111 (d) (1), a traffic infraction more commonly described and referred to as "passing a red light”. The defendant has moved to dismiss the simplified traffic information pursuant to CPL 170.30 (1) (f) and 170.35 (1) (a) upon the ground that the supporting deposition served pursuant to the defendant’s timely request is insufficient, inadequate and defective as a matter of law.
The court concludes that the supporting deposition served and filed in this action is legally insufficient, and therefore defective, as a matter of law and the simplified information should be dismissed.
For a supporting deposition to the simplified traffic information to be sufficient, it must contain (1) factual allegations of an evidentiary character which support or tend to support the charge or charges asserted in the simplified traffic information, as required by CPL 100.20, and (2) factual allegations providing reasonable cause to believe that the defendant committed the offense or offenses charged, as required by CPL 100.25 (2) (People v Hohmeyer, 70 NY2d 41, 43-44). The factual allegations may be based upon personal knowledge or upon information and belief (CPL 100.20, 100.25 [2]) and must provide reasonable cause to believe that the defendant committed every necessary element of the offense charged (People v Key, 87 Misc 2d 262, 266 [App Term, 2d Dept 1976], affd 45 NY2d 111 [1978]; People v Hust, 74 Misc 2d 887, 890 [Broom County Ct 1973]).
CPL 70.10 (2) provides " '[Reasonable cause to believe that a person has committed an offense’ exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it” (emphasis supplied) and "such apparently reliable evidence may include or consist of hearsay” except as otherwise provided in the CPL.
*759 As this court recently pointed out in People v Smith (163 Misc 2d 353, 361), the Court of Appeals ruling in Hohmeyer (supra, at 43-44) makes the pleading sufficiency requirements for a supporting deposition to a simplified traffic information virtually identical to the pleading sufficiency requirements for the factual part of a misdemeanor complaint (see, CPL 100.15 [3]; 100.20, 100.25 [2]; 100.40 [4]). The factual part of a misdemeanor complaint, a felony complaint or an information, together with any accompanying supporting deposition, must contain allegations of fact of an evidentiary nature supporting or tending to support the charge or charges, which provide reasonable cause to believe the defendant committed the offense, or offenses, charged in the accusatory instrument (CPL 100.15 [3]; 100.20, 100.40 [1] [a]; [4]).[1] In any such case, the allegations of fact providing reasonable cause to believe the defendant committed the offense, or offenses, charged may be based either upon personal knowledge or upon information and belief, the same as is required in the case of a supporting deposition to a simplified traffic information (CPL 100.15 [3]; 100.20, 100.25 [2]; People v Hohmeyer, supra, at 43-44).[2]
Determinations of the sufficiency of accusatory instruments and supporting depositions to simplified informations are not the only times the court is called upon to determine whether there is "reasonable cause to be believe the defendant committed the offense charged”. The court must make such a determination when asked to issue an arrest warrant. In such a case, the court must determine whether the accusatory instrument, which must be other than a simplified traffic information, is sufficient on its face (CPL 120.20 [1]), i.e., whether its factual allegations, together with those of any supporting depositions, provide reasonable cause to believe that the sought defendant committed the offense charged.
*760 Likewise, in the context of a suppression hearing when a defendant asserts an arrest was made without probable cause, the court must determine if there was probable cause for the defendant’s arrest.[3] The Court of Appeals has pointed out that when the subject of a suppression hearing is evidence which is the product of a warrantless arrest or seizure, "the suppression court’s probable cause analysis is essentially 'the same as that used by a magistrate in passing on an application for an arrest or search warrant’ ” (People v Parris, 83 NY2d 342, 346, citing People v Dodt, 61 NY2d 408, 415).
In the context of a suppression hearing, probable cause does not require legal proof of guilt beyond a reasonable doubt, but rather, information sufficient to support a reasonable belief that an offense has been or is being committed (People v Bigelow, 66 NY2d 417, 423). Probable cause may be supplied, in whole or in part, through hearsay information but where probable cause is based upon hearsay, it must meet the requirements of the Aguilar-Spinelli rule (People v Johnson, 66 NY2d 398, 402; People v Bigelow, supra, at 423; see, Aguilar v Texas, 378 US 108; Spinelli v United States, 393 US 410). The two-prong test of the Aguilar-Spinelli rule requires that it be established that the informant had some basis for the knowledge transmitted to the police and that the informant was reliable (People v Bigelow, supra, at 423; People v Parris, supra, at 346).
When the court is presented with an accusatory instrument or a supporting deposition to a simplified information which contains factual allegations based upon information and belief, it is in a similar position as when proof of probable cause, which is based upon hearsay, is presented at a suppression hearing. The only difference is that in the former, the factual allegations providing reasonable cause to believe the defendant committed the offense charged must be contained within the written instrument. Accordingly, where an accusatory instrument or a supporting deposition to a simplified information contains factual allegations based upon information and belief and the source of the information is an informant, the two-prong test of the Aguilar-Spinelli rule should be applied in determining whether the factual allegations provide reasonable cause to believe the defendant committed the offense charged.
*761 To provide such reasonable cause to believe the defendant committed the offense charged to exist, the factual allegations of the written instrument must present information "which appears reliable” (CPL 70.10 [2]). For the court to determine whether the information presented appears reliable, the court must know the source of the information.
If the factual allegations are based upon the personal knowledge of the complainant, the person making the written instrument (which would be the complainant public servant in the case of a supporting deposition to a simplified information), it should specifically so state. Because the written instrument must be verified (CPL 100.15 [1]; 100.20), factual allegations based upon the personal knowledge of the complainant are supported by that person’s oath or the equivalent of such an oath. Therefore, where a written instrument’s factual allegations are based upon the personal knowledge of the person making it and it so states and is properly verified, then the information provided by those factual allegations is apparently reliable as a matter of law.
On the other hand, where the factual allegations are based upon information and belief, the oath or equivalent of the person making the written instrument is not sufficient to support a determination that the information presented appears reliable. More is required.
First, in such a case, the instrument should specifically state that the factual allegations are based upon information and belief. This gives the court, the People and the defendant fair notice that the factual allegations are not based upon the personal knowledge of the complainant and that further analysis is required to determine if the instrument is legally sufficient. Second, the sources of the information should be stated, specifying what information was provided by which source. While in the case of an informant, he or she need not necessarily be identified by name, he or she should be identified to the extent necessary to permit the court to apply the AguilarSpinelli rule. Third, where the source of information is an informant, sufficient factual allegations should be set forth to satisfy the two-prong test of the Aguilar-Spinelli rule that the informant had some basis for the knowledge transmitted to the maker of the written instrument and that the informant was *762 reliable. Finally, the written instrument should state the complainant’s grounds for believing the information provided.[4]
It is obvious from the contents of the supporting deposition served and filed in this case that it is based upon information and belief, even though this is not specifically stated, and that the complainant police officer was, at least in part, relying on information provided by alleged witnesses in alleging that the defendant was operating a motor vehicle and passed through a red light. However, those witnesses are not identified sufficiently to permit the court to apply the Aguilar-Spinelli rule and nothing is stated which would permit the court to determine those witnesses’ bases of knowledge or reliability. Further, the supporting deposition fails to advise what information was provided by those witnesses as opposed to that which the complainant officer learned through his investigation.
With regard to the officer’s investigation, nothing is stated to show what that investigation included. For all the court knows, it may have consisted of taking statements from witnesses with nothing more or it may have consisted of substantially more. The point is there is no way to know.
Based upon the foregoing, the supporting deposition filed in this action fails to provide the court with reasonable cause to believe the defendant committed a violation of Vehicle and Traffic Law § 1111 (d) (1) and the simplified trafile information must be dismissed.
[Portions of opinion omitted for purposes of publication.]

. An information must, in addition, contain nonhearsay allegations of fact which establish, if true, every element of the offense charged and the defendant’s commission thereof (CPL 100.40 [1] [c]). However, that requirement that an information must establish a prima facie case need not be discussed here. (See, n 2.)

. The court is mindful of the issue left undecided by its decision in People v Smith (163 Misc 2d 353), i.e., whether a supporting deposition to a simplified information charging a traffic infraction, as opposed to a misdemeanor, must contain nonhearsay allegations of fact which establish, if true, every element of the offense charged and the defendant’s commission thereof. The court does not reach that issue in this case. Before the court could reach that issue, it must first be determined that the factual allegations of the timely requested and duly filed supporting deposition in this action provide reasonable cause to believe the defendant committed the offense charged of violating Vehicle and Traffic Law § 1111 (d) (1). Here, they do not.

. In the context of the issue presented in this case, the statutory-language of "reasonable cause to believe the defendant the offense or offenses charged” (CPL 100.25 [2]) is synonymous with what is referred to as "probable cause for the arrest” (see, People v Parris, 83 NY2d 342, 346).

. Where a supporting deposition to an information, misdemeanor complaint or felony complaint, which need not by itself establish reasonable cause to believe the defendant committed the offense charged, is based upon information and belief and the source of the information is an informant, the supporting deposition should still meet the requirements specified herein and the Aguilar-Spinelli rule should still be applied to determine whether the informant had a basis of knowledge and the informant’s reliability.