*164 OPINION OF THE COURT
Marjorie L. Byrnes, J.
On January 17, 1999, the above-named defendant was charged by simplified information with one count of common-law driving while intoxicated, in violation of Vehicle and Traffic Law § 1192 (3). Accompanying the simplified information and filed with the court was a supporting deposition signed by Rochester Police Officer James Reed.
Although not raised by defendant, this court is constrained to address a nonwaivable jurisdictional defect regarding the charge. Specifically, to meet the statutory requirements for an accusatory instrument upon which a defendant may be held for trial, a simplified information must allege facts of an evidentiary nature that provide “reasonable cause” to believe that he committed the crime charged (CPL 100.40 [2]). While there are some indicia of alcohol consumption noted in the supporting deposition, the supporting deposition also states that defendant submitted to a chemical breath test to determine his blood alcohol content and that the result was a .06 % blood alcohol content (hereinafter BAG). Thus, the issue is presented whether the chemical test result, together with the statutory presumptions associated with such result, fail to satisfy the “reasonable cause” standard needed for facial sufficiency (Vehicle and Traffic Law § 1195 [2] [a]). This court holds that it does.
According to CPL 100.40 (2), a simplified information is facially sufficient when it substantially conforms to the form prescribed by the Commissioner of Motor Vehicles and supporting depositions timely filed therewith contain allegations of fact, based either upon personal knowledge or information and belief, that provide reasonable cause to believe that defendant committed the offense charged (CPL 100.25 [2]; 100.20). “Reasonable cause” exists when: “information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it” (CPL 70.10 [2]). Facts constituting every element of the offense charged must be factually alleged (People v Powlowski, 172 Misc 2d 240; People v Born, 166 Misc 2d 757; People v Baron, 107 Misc 2d 59).
For an accusatory instrument charging driving while intoxicated to be facially sufficient there must be factual al *165 legations providing “reasonable cause” to believe that defendant operated a motor vehicle upon a public highway while in an intoxicated condition (Vehicle and Traffic Law § 1192 [3]). A defendant is “intoxicated” when “such person has consumed alcohol to the extent that he * * * is incapable, to a substantial extent, of employing the physical and mental abilities which he * * * is expected to possess in order to operate a vehicle as a reasonable and prudent driver” (CJI[NY]2d VTL 1192 [3]; see, People v Cruz, 48 NY2d 419, 428, appeal dismissed 446 US 901; see also, People v Ardila, 85 NY2d 846, 847; People v Gary, 233 AD2d 939). Factors to be considered include, for example, a defendant’s physical condition and appearance, balance and coordination, manner of speech, the presence of the odor of alcohol, the manner in which he operated the vehicle, opinion testimony regarding sobriety and the circumstances of any accident (CJI[NY]2d VTL 1192 [3]; see also, People v Hohmeyer, 70 NY2d 41, 44; People v Lopez, 170 Misc 2d 278, 281).
The results of any chemical breath test to determine the alcohol content of a defendant’s blood must also be considered in determining facial sufficiency. Although the results of a chemical test would not be admissible at trial unless the test was administered in accordance with law (Vehicle and Traffic Law §§ 1194, 1195 [2]; see also, People v Freeland, 68 NY2d 699; People v Sawinski, 246 AD2d 689; People v Starowicz, 207 AD2d 994), the court must consider this factual allegation in determining facial sufficiency just as the court is required to consider the opinion of intoxication by the officer even though that opinion would not be admissible at trial without proper foundation (People v Smith, 163 Misc 2d 353, 365).
In this case, the supporting deposition states that on January 17, 1999, at approximately 3:15 a.m., Officer Reed determined that defendant operated a vehicle involved in an accident. The road conditions were snowy. The officer further observed that defendant’s clothes were orderly, the odor of alcohol on his breath was moderate, his attitude was sleepy but cooperative, his speech was thick-tongued and mumbled and his eyes were bloodshot and watery. The officer stated that defendant staggered as he walked but “passed” the turning field test. Officer Reed conducted three additional field sobriety tests: finger to nose, walk and turn and alphabet, all of which defendant failed. Defendant admitted that he consumed four beers and, in the officer’s opinion, defendant was intoxicated. The supporting deposition does not indicate in what respect defendant failed the field sobriety tests, nor does it describe *166 the circumstances surrounding the accident. The supporting deposition further states that defendant submitted to a chemical breath test to determine the alcohol content of his blood and that the breath test result indicated a .06% BAG.
Many factors noted are consistent with alcohol consumption, although not necessarily intoxication (see, e.g., People v Gelster, 256 AD2d 1133; People v Lizzio, 178 AD2d 741, Iv denied 79 NY2d 921). Also present is the officer’s opinion as to intoxication. Conversely, the officer also states that the breath test result was a .06 % BAG.
The breath test result carries a statutory presumption. According to Vehicle and Traffic Law § 1195 (2) (b): “Evidence that there was more than a .05 of one per centum but not more than .07 of one per centum by weight of alcohol in such person’s blood shall be prima facie evidence that such person was not in an intoxicated condition, but such evidence shall be relevant evidence, but shall not be given prima facie effect, in determining whether the ability of such person to operate a motor vehicle was impaired by the consumption of alcohol” (emphasis added).
Where the statutory language is clear and unambiguous, it is not the province of the court to interpret legislative intent (McKinney’s Cons Laws of NY, Book 1, Statutes § 76). The Legislature has specified that .06% BAG is prima facie evidence that defendant was not intoxicated. Prima facie is generally defined as “evidence which is sufficient to establish the facts unless rebutted” (Powers v Powers, 207 AD2d 637, 638, revd on other grounds 86 NY2d 63; see also, Black’s Law Dictionary 1190 [6th ed 1990]). Put another way, it is “ ‘such evidence as will suffice until contradicted and overcome by other evidence’ ” (People v Benitez, 167 Misc 2d 99, 101, quoting People v Habenicht, 153 Misc 2d 76, 78). Therefore, an allegation of .06% BAG, without more, would negate the element of intoxication and result in a facially insufficient accusatory instrument (see, People v Coutard, 115 Misc 2d 630; People v Yost, Rochester City Ct, Apr. 21, 1998, Castro, J.).
Where there are additional factual allegations, it is incumbent on the court to determine whether the additional factual allegations are sufficient to rebut or contradict the statutory presumption. In other words, do the totality of the factual allegations establish “reasonable cause” to believe that defendant operated a motor vehicle while in an intoxicated condition. Here, defendant was operating a motor vehicle at 3:25 a.m. on a snowy road in the City of Rochester and there was a *167 motor vehicle accident. There is no indication that defendant caused the accident and he was not charged with any offense directly resulting from the accident. The officer observed indicia of alcohol consumption, although not necessarily intoxication. Moreover, the officer’s observations of defendant’s eyes and speech can be caused by a number of conditions and do not provide sufficient indicia of intoxication (see, People v Sanchez, NYLJ, June 6, 1994, at 29, col 4). Further, although the officer stated his opinion that defendant was intoxicated, he also stated that defendant submitted to a breath test, the result of which constitutes prima facie evidence that defendant was not intoxicated.
Based upon the totality of the factual allegations, the court finds that the accusatory instrument is facially insufficient to support the charge of driving while intoxicated. A person of ordinary intelligence, judgment and experience would not believe it reasonably likely that the offense of driving while intoxicated was committed (CPL 70.10 [2]).
This decision does not imply that a .06 % BAG constitutes a legal impediment to a conviction for driving while intoxicated (see, People v Lawrence, 53 AD2d 705 [.05% BAG did not establish innocence of DWI]; People v Yost, supra, at 2 [.05% BAG not legal impediment to conviction for DWAI]). Nor does this decision imply that a prosecution for driving while intoxicated pursuant to Vehicle and Traffic Law § 1192 (3) is foreclosed where the BAG is less than a .10% (see, People v Coutard, supra, at 639; People v Perez, NYLJ, Dec. 13, 1991, at 30, col 1 [statute does not give results conclusive effect but creates rebuttable presumption]).
This court is merely determining the facial sufficiency of an accusatory instrument laid before it. In determining facial sufficiency, the court is obligated to look at all of the factual allegations in the accusatory instrument and here the factual allegations do not rise to the standard required by law. The court need not determine if the allegations are sufficient to support a charge of driving while ability impaired by alcohol, in violation of Vehicle and Traffic Law § 1192 (1), as the law does not allow for the amendment of simplified informations (CPL 100.45 [3]).
The accusatory instrument is dismissed.