OPINION OF THE COURT
Memorandum.
The order of County Court should be reversed, defendant’s motion to dismiss denied, and the case remitted to City Court for further proceedings on the accusatory instrument.
Forty-five minutes after he was stopped for a traffic infraction, defendant took a breathalyzer test indicating that he had a .08% blood alcohol level. He was charged with violating Vehicle and Traffic Law § 1192 (3), common-law driving while intoxicated. Vehicle and Traffic Law § 1195 (2) (c) provides that “[e]vidence that there was more than .07 of one per centum but less than .10 of one per centum by weight of alcohol in such person’s blood shall be prima facie evidence that such person was not in an intoxicated condition.” The parties agree that this section establishes a rebuttable presumption.
*724 The accusatory instrument’s supporting documentation contains factual allegations sufficient to establish reasonable cause that defendant violated Vehicle and Traffic Law § 1192 (3). Defendant drove without head or tail lights; upon stopping defendant’s vehicle, the arresting officer observed defendant had glassy eyes and impaired speech and motor coordination, smelled of alcohol and failed four field sobriety tests, including a “Finger Count Test” in which he was unable to “count his fingers correctly or in order”; and defendant admitted that he drank five to six beers prior to driving and should not have been operating his vehicle. The People were thus entitled to an opportunity to rebut the section 1195 (2) (c) presumption at trial. To the extent that People v Gingello (181 Misc 2d 163 [1999]), upon which the lower courts relied, holds to the contrary, it should not be followed.
Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.