OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed.
Defendant was issued appearance tickets on November 19, 2008 and January 3, 2009 directing him to appear in court for his alleged violation of section 70-6 of the Code of the Village of Tuxedo Park. The record contains a supporting deposition of a police officer from the Village of Tuxedo Park. The Justice Court dismissed the charge on the ground that the subject Village of Tuxedo Park noise ordinance was unconstitutionally vague, and the People appeal.
As defendant correctly argues, an appearance ticket is not an accusatory instrument and the filing thereof does not give a criminal court jurisdiction over the defendant named therein (see People v Devany, 24 Misc 3d 130[A], 2009 NY Slip Op 51345[U] [App Term, 9th & 10th Jud Dists 2009]; People v Conklin, 14 Misc 3d 144[A], 2007 NY Slip Op 50385[U] [App Term, 9th & 10th Jud Dists 2007]). A criminal action is commenced in a local criminal court by the filing of an information, a simplified information, a prosecutor’s information, a misdemeanor complaint or a felony complaint (CPL 100.05). Since there is no indication upon this record that the People ever filed any of the foregoing accusatory instruments with the Justice Court, the court never acquired jurisdiction over defendant and no criminal action has been commenced. Contrary to the People’s contention, the filing of the supporting deposition did not convert the appearance ticket into an accusatory instrument. A supporting deposition “is a written instrument accompanying or filed in connection with an information, a simplified information, a misdemeanor complaint or a felony complaint . . . containing factual allegations . . . which supplement those of the accusatory instrument and support or tend to support the charge or charges contained therein” (CPL 100.20; see People v Hohmeyer, 70 NY2d 41, 43 [1987]). Consequently, a supporting *20 deposition is a document that accompanies or is filed in connection with an accusatory instrument; it does not convert an appearance ticket into an accusatory instrument. An appearance ticket must be succeeded by a legally sufficient accusatory instrument (see People v Passalacqua, 7 Misc 3d 131 [A], 2005 NY Slip Op 50554[U] [App Term, 9th & 10th Jud Dists 2005]). Accordingly, the order dismissing the action is affirmed, albeit on different grounds. We pass on no other issue.
Nicolai, EJ., LaCava and Iannacci, JJ., concur.