[2 NYS3d 755]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v JOHN B. Fox, Defendant.

City Court of Canandaigua, December 22, 2014

### APPEARANCES OF COUNSEL

*Michael Ballman* for defendant.

*R. Michael Tantillo, District Attorney* (*V. Christopher Eaggleston* of counsel), for plaintiff.

### OPINION OF THE COURT

STEPHEN D. ARONSON, J.

This case holds that a preprinted DWI supporting deposition may be insufficient to act as a supporting deposition for any traffic violations accompanying the DWI arrest.

The defendant was arrested on August 28, 2014, for driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (2) and (3), unlawful possession of marijuana in violation of Penal Law § 221.05, illegal turn signal in violation of Vehicle and Traffic Law § 1163 (b), and drinking alcohol or possessing an open container of alcohol in a motor vehicle on a public highway in violation of Vehicle and Traffic Law § 1227 (1). On September 15, 2014, counsel for defendant served on the People a demand for a supporting deposition "on each of the violations of the Vehicle and Traffic Law charged." The People served and filed a supporting deposition, but it was a DWI supporting deposition on a preprinted form.

Defendant's omnibus motions include a motion for dismissal of the illegal turn signal charge and the drinking or possessing alcohol in a motor vehicle charge based on insufficiency of the DWI supporting deposition. He points out that no facts supporting these two charges are set forth in the deposition and states that the only mention of either charge is the bare recitation of their statutory section numbers in paragraphs 2 and 7 of the deposition. The court notes that there is one additional reference in paragraph 4 (c) of the deposition, where an open container of an alcoholic beverage is listed among the evidence at the scene of the arrest.

The People contend that the supporting deposition is sufficient and complies with CPL 100.25 (1) and (2) and 100.40 (2), being based upon the arresting officer's direct knowledge and observations.

<u>Analysis</u>

A defendant charged by a simplified information is entitled to a supporting deposition of the police officer containing allegations of fact providing reasonable cause to believe that the defendant committed the offense charged (CPL 100.25 [2]). The supporting deposition in this case is the standard preprinted form with boxes to check that is used in New York State for DWI charges. Such forms were held to be sufficient by the Court of Appeals in *People v Hohmeyer* (70 NY2d 41 [1987]).

Here, the supporting deposition was clearly intended to serve as a supporting deposition for only the DWI charge. The DWI supporting deposition form states in the preprinted opening paragraph, "The above 'defendant' is charged . . . with operating a motor vehicle under the influence of alcohol and/or drugs contrary to section 1192 of the Vehicle and Traffic Law." Two preprinted boxes on the upper right are labeled "supporting deposition" and "DWI bill of particulars." It is clearly a form intended for use specifically with violations of Vehicle and Traffic Law § 1192 (*People v Mangano*, 17 Misc 3d 1110[A], 2007 NY Slip Op 51915[U] [Ossining Just Ct 2007] [defendant was charged with violation of Vehicle and Traffic Law § 1163 (a), turning without signaling, in addition to DWI and other traffic infractions. There, as here, the defendant's counsel made a timely request for supporting depositions on all the charges, but the People only served a DWI supporting deposition. The court granted the defendant's motion to dismiss all of the traffic charges for facial insufficiency of the accusatory instruments]).

The DWI supporting deposition references the two traffic violations:

1. in paragraph 2—the illegal turn signal is indicated as the reason for the stop;

2. in paragraph 4 (c)—the evidence at the scene of the arrest includes an open container of an alcoholic beverage; and

3. in paragraph 7—the statutory sections for both charges are listed under "other Vehicle and Traffic Law violations."

These bits of information are not enough to provide reasonable cause to believe that Mr. Fox made an illegal turn and had an open container of alcohol in his car on the date in question.

Vehicle and Traffic Law § 1163 (b) requires that the signal indicating a driver's intention to turn right or left must be

given continuously during at least the last 100 feet traveled before a turn. Nothing is said in the supporting deposition about the distance before the turn at which the defendant switched on his turn signal. There are no factual allegations by the police officer in the DWI supporting deposition that describe how the defendant violated this section of law.

Vehicle and Traffic Law § 1227 (1) prohibits drivers and passengers from drinking alcohol or possessing open alcohol containers in a motor vehicle on a public highway. It includes an exception for passenger vehicles operated pursuant to Department of Transportation permits or certificates and an exception for wine that is properly resealed and is transported in the trunk or other areas of a vehicle that are not within reach of the driver or passengers. The supporting deposition mentions an open container of an alcoholic beverage in the list of evidence that provided probable cause for the arrest. There are no allegations by the officer describing the factual elements of this charge.

Moreover, the simplified information forms for the traffic violations generated by the police officer contain a line at the bottom asking whether a supporting deposition was issued; and in this case, the police officer inserted "none" on each of the traffic violations.

The defendant made a timely request for supporting depositions on *all* the charges against him. The People have not served supporting depositions for the illegal turn (Vehicle and Traffic Law § 1163 [b]) and open container (Vehicle and Traffic Law § 1227 [1]) charges. The motion for dismissal of these two charges is granted.