The People of the State of New York, Respondent,
against
Rocco R. Ermmarino, Appellant.




Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office, (Justin W. Smiloff), for respondent.

Appeal from two judgments of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Paul H. Senzer, J.H.O.), rendered January 28, 2016. The judgments convicted defendant, after a nonjury trial, of operating an unregistered motor vehicle and operating a motor vehicle upon a public highway while using a mobile telephone, respectively.




ORDERED that the judgment convicting defendant of operating an unregistered motor vehicle is reversed, on the law, the accusatory instrument charging that offense is dismissed, as a matter of discretion in the interest of justice, and the fine, surcharge, and administrative fee, if paid, are remitted; and it is further,
ORDERED that the judgment convicting defendant of operating a motor vehicle upon a public highway while using a mobile telephone is affirmed.
On June 3, 2015, Suffolk County Police Officer William C. Murray allegedly observed defendant driving a vehicle on the Long Island Expressway in the Town of Huntington, Suffolk County, while operating a cell phone. Defendant was charged, in two simplified traffic informations, with, among other things, operating an unregistered motor vehicle (Vehicle and Traffic Law § 401 [1] [a]), and operating a motor vehicle upon a public highway while using a mobile telephone (Vehicle and Traffic Law § 1225-c [2] [a]). A supporting deposition annexed to the simplified traffic information charging defendant with operating a motor vehicle upon a [*2]public highway while using a mobile telephone stated, in part, that "[y]our deponent did witness, the above defendant did operate the above vehicle, at the above date, time, and location, a public highway while operating a mobile telephone/electronic device."
At a nonjury trial, defendant's counsel attempted to submit a memorandum of law in connection with an oral motion to dismiss the charge of operating a motor vehicle upon a public highway while using a mobile telephone. The prosecutor objected. The court stated that it was "not considering" the motion.
Officer Murray testified that, at approximately 8:07 a.m. on June 3, 2015, he had been in a vehicle traveling eastbound on the Long Island Expressway. A vehicle in the right lane passed him. The operator had "a black smart cellphone in his left hand up to his left ear." Murray had a clear, unobstructed view of the vehicle. He pulled the vehicle over and asked the driver for his license, registration, and proof of insurance. Murray compared the photograph on the license to the driver, which matched, and the name on the license was defendant's.
Murray did not recall whether defendant had produced a registration. He had observed that the "vehicle registration tag was expired" because he had noticed that the "[s]tickers were expired." Murray had confirmed the expiration date of the registration with the New York State Department of Motor Vehicles using the computer in his police vehicle. Defendant's objection to this testimony on the ground that it constituted hearsay was overruled. The prosecutor asked Murray if he had had a conversation with defendant. Murray refreshed his recollection with his notes. Defendant's counsel objected, claiming that he had not been served with notice pursuant to CPL 710.30. The court replied that "this is a traffic infraction and you're not entitled to 710.30 notice." Murray testified that defendant had told him that "he was bidding for a job" and "that the plates were expired."
During cross-examination, Murray testified that, in the supporting deposition annexed to the simplified traffic information charging defendant with operating a motor vehicle while using a mobile telephone, he did not write anything down with respect to defendant putting his "left hand up to his ear."
Defendant testified that he had been driving home from work. He was turning on an earpiece for his phone so he could talk using the earpiece. During cross-examination, defendant testified that he did not have a cell phone in his hand. Instead, the earpiece was in his hand. He was putting it in his right ear and turning it on when he was stopped. He claimed that the device was a black "handsfree bluetooth device." He tried to identify the device after he had been stopped, but the officer "didn't want to see it." 
The court found defendant guilty of operating an unregistered motor vehicle and operating a motor vehicle upon a public highway while using a mobile telephone, and, among other things, imposed a fine of $200 on the conviction of operating an unregistered motor vehicle. The court also imposed a New York State mandatory surcharge and a Suffolk County administrative fee on each conviction. Defendant objected to the imposition of the Suffolk County administrative fee. 
On appeal, defendant contends that the allegation in the supporting deposition that he operated the vehicle on a public highway "while operating a mobile telephone/electronic device" did not provide the requisite reasonable cause. Furthermore, defendant argues that the accusatory instrument failed to allege that defendant had " 'engaged in a call,' by 'talking into or listening on [*3]a hand-held mobile telephone,' " in violation of Vehicle and Traffic Law § 1225-c (1) (f). Next, defendant argues that the court erred in refusing to entertain his oral motion to dismiss the charge of operating a motor vehicle while using a mobile telephone and refusing to accept his memorandum of law, and that he was entitled to notice of his statement because CPL 710.30 applies to traffic infractions. Defendant also argues that the officer's testimony with respect to the expired registration was improperly admitted into evidence, as it constituted hearsay and violated his right of confrontation; that the verdict of guilt was against the weight of the evidence; and that the Suffolk County administrative fees are preempted by State law.
The People argue that defendant's oral motion to dismiss was untimely and not made on notice to the People and that the verdict of guilt was not against the weight of the evidence. With respect to the conviction of operating a motor vehicle while using a mobile telephone, "[a]n operator of any motor vehicle who holds a mobile telephone to, or in the immediate proximity of, his or her ear while such vehicle is in motion is presumed to be engaging in a call within the meaning of this section," which presumption "is rebuttable by evidence tending to show that the operator was not engaged in a call" (Vehicle and Traffic Law § 1225-c [2] [b]). Defendant's testimony that he was turning on his earpiece so he could talk on it and that the earpiece was a hands-free bluetooth device did not rebut the statutory presumption, and defendant did not produce the earpiece at the trial. Addressing defendant's hearsay argument, the People contend, among other things, that Officer Murray testified as to information he had received from the Department of Motor Vehicles, which had not been generated in preparation for trial. The People further argue that CPL 710.30 does not apply to traffic infractions and that the $55 Suffolk County administrative fee was not preempted by State law.
CPL 710.10 (1) defines a "[d]efendant" as "a person who has been charged by an accusatory instrument with the commission of an offense." Penal Law § 10.00 (1), in pertinent part, defines an offense as "conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state." The penalty for a conviction of operating an unregistered motor vehicle (Vehicle and Traffic Law § 401 [1] [a]) is "a fine of not less than seventy-five nor more than three hundred dollars, or [ ] imprisonment for not more than fifteen days, or [ ] both such fine and imprisonment" (Vehicle and Traffic Law § 401 [18]). CPL 710.30 (1) (a) requires that the People provide a defendant with prior notice of "evidence of a statement made by a defendant to a public servant, which statement, if involuntarily made, would render the evidence thereof suppressible upon motion pursuant to subdivision three of section 710.20." 
In People v Brigandi (57 Misc 3d 5 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]), this court reversed the defendant's conviction of leaving the scene of an incident with property damage without reporting, where the defendant had admitted to a police officer outside of the defendant's home that he had been involved in a motor vehicle accident and that he had left the scene without reporting. The People had not provided the defendant with notice of the statement pursuant to CPL 710.30, and the penalty for a conviction of that offense, a traffic infraction, was a maximum of 15 days of imprisonment and/or a maximum fine of $250. Since the penalty for a violation of Vehicle and Traffic Law § 401 (1) (a) is imprisonment or a fine, it is an offense, and a CPL 710.30 notice was similarly required here. Consequently, defendant's conviction of this offense must be reversed, as defendant's statements to Officer Murray, that "he was bidding for a job" and that "the plates were expired," constituted admissions that were suppressible. Inasmuch [*4]as the offense of operating an unregistered motor vehicle is relatively minor, no penological purpose would be served by remitting the accusatory instrument to the District Court for a new trial. Thus, the accusatory instrument charging defendant with operating an unregistered motor vehicle is dismissed, as a matter of discretion in the interest of justice (see People v Burca, 58 Misc 3d 147[A], 2018 NY Slip Op 50040[U], *3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; cf. People v Allen, 39 NY2d 916, 917-918 [1976]). However, as defendant's statements were not addressed to the violation of Vehicle and Traffic Law § 1225-c (2) (a), the failure to provide a CPL 710.30 notice did not affect that conviction. 
In light of the foregoing, we need not address defendant's hearsay claim.
Defendant's claim on appeal that the accusatory instrument charging him with operating a motor vehicle upon a public highway while using a mobile telephone was facially insufficient is without merit, as he waived this claim by making an oral motion without notice to the People, instead of a written motion (see People v Long, 43 Misc 3d 126[A], 2014 NY Slip Op 50949[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Kelleher, 39 Misc 3d 149[A], 2013 NY Slip Op 50948[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]; see also People v Key, 45 NY2d 111, 116-117 [1978]). In any event, the simplified traffic information, supplemented by the supporting deposition, was facially sufficient, as it substantially conformed to the requirements therefor prescribed by law (see CPL 100.40 [2]), and contained allegations of fact, based on personal knowledge or upon information and belief, providing reasonable cause to believe that defendant had committed the offense charged (see CPL 100.25 [2]; People v Hohmeyer, 70 NY2d 41, 43 [1987]; People v Key, 45 NY2d at 115-116). Vehicle and Traffic Law § 1225-c (2) (a) provides that "[e]xcept as otherwise provided in this section, no person shall operate a motor vehicle upon a public highway while using a mobile telephone to engage in a call while such vehicle is in motion." The use of the word "operating" is close enough in meaning to "using" to meet the reasonable cause requirement.
In conducting an independent review of the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor. The reviewing court must determine, based on the credible evidence, whether a different result would have been unreasonable (see People v Lane, 7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Zephyrin, 52 AD3d 543 [2008]). Upon reviewing the record, we find that the verdict of guilt of operating a motor vehicle upon a public highway while using a mobile telephone (Vehicle and Traffic Law § 1225-c [2] [a]) was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Vehicle and Traffic Law § 1225-c (2) (b) provides that "[a]n operator of any motor vehicle who holds a mobile telephone to, or in the immediate proximity of, his or her ear while such vehicle is in motion is presumed to be engaging in a call within the meaning of this section." The statute further provides, however, that "[t]he presumption established by this subdivision is rebuttable by evidence tending to show that the operator was not engaged in a call." Here, defendant's testimony that he was using a hands-free bluetooth earpiece device, rather than a cell phone, created an issue of credibility. Defendant did not deny that he had been engaged in a call, nor did he bring the earpiece and hands-free bluetooth device with him to court when he testified. Thus, the verdict of guilt of operating a motor vehicle upon a public highway [*5]while using a mobile telephone was not against the weight of the evidence.
Finally, this court has specifically rejected the claim that the Suffolk County administrative fee is preempted by State law (see People v Gray, 58 Misc 3d 155[A], 2018 NY Slip Op 50184[U], *1-2 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]).
Accordingly, the judgment convicting defendant of operating an unregistered motor vehicle is reversed and the accusatory instrument charging that offense is dismissed, and the judgment convicting defendant of operating a motor vehicle upon a public highway while using a mobile telephone is affirmed.
GARGUILO, J.P., MARANO and TOLBERT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 19, 2018