People v Vogt (2020 NY Slip Op 20300)

People v Vogt

2020 NY Slip Op 20300 [70 Misc 3d 30]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 9th and 
10th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, February 17, 2021

[*1]

The People of the State of New York, Respondent,
v
Christine M. Vogt, Appellant.

Supreme Court, Appellate Term, Second Department, 9th and 10th Judicial Districts, November 5, 2020

APPEARANCES OF COUNSEL

Michael S. Pollok for appellant.
William V. Grady, District Attorney (Kirsten A. Rappleyea of counsel), for respondent.

{**70 Misc 3d at 31} OPINION OF THE COURT

Memorandum.

Ordered that the judgment of conviction is affirmed.
Defendant was charged in a simplified traffic information with using a portable electronic device while operating a motor vehicle (Vehicle and Traffic Law § 1225-d [1]). A supporting deposition was provided to defendant contemporaneously with the issuance of the uniform traffic ticket. Following a nonjury trial, the Justice Court found defendant guilty as charged and imposed a fine. On appeal, defendant contends that the simplified traffic information was facially insufficient, that the evidence at trial was legally insufficient, and that the verdict was against the weight of the evidence.
A simplified traffic information is sufficient on its face when it substantially conforms to the form prescribed by the Commissioner of Motor Vehicles (see CPL 100.25 [1]; 100.40 [2]; People v Anand, 65 Misc 3d 151[A], 2019 NY Slip Op 51875[U] {**70 Misc 3d at 32}[App Term, 2d Dept, 9th & 10th Jud Dists 2019]; People v Ferro, 22 Misc 3d 7 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). Additionally, pursuant to CPL 100.25 (2), if a supporting deposition of a complainant police officer is provided, it must contain allegations of fact, based either upon personal knowledge or upon information and belief, providing reasonable cause to believe that the defendant committed the offense or offenses charged (see People v Hohmeyer, 70 NY2d 41, 42-44 [1987]; People v Key, 45 NY2d 111, 116-117 [1978]; People v Delprete, 62 Misc 3d [*2]128[A], 2018 NY Slip Op 51872[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). However, since a defendant charged with a traffic infraction can be prosecuted by a simplified traffic information alone, and, thus, without any facts providing reasonable cause, the absence of a factual allegation in a supporting deposition is not a jurisdictional defect and can be waived (see People v Beattie, 80 NY2d 840 [1992]; Key, 45 NY2d at 116-117; People v Patrizio, 62 Misc 3d 130[A], 2018 NY Slip Op 51901[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Hakim, 60 Misc 3d 137[A], 2018 NY Slip Op 51112[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]).
[1] Here, although defendant had received a supporting deposition simultaneously with the uniform traffic ticket charging her with a violation of Vehicle and Traffic Law § 1225-d, she does not contest the facial sufficiency of the supporting deposition, which claim, in any event, was waived by her failure to move before trial to dismiss the simplified traffic information based upon that ground (see Key, 45 NY2d at 116; Hakim, 2018 NY Slip Op 51112[U]; People v Kelleher, 39 Misc 3d 149[A], 2013 NY Slip Op 50948[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]; cf. Delprete, 2018 NY Slip Op 51872[U]). Defendant's facial insufficiency argument therefore is only reviewable with respect to the simplified traffic information itself (see Key, 45 NY2d 111). As the simplified traffic information designated the offense charged, substantially conformed to the form prescribed by the Commissioner of Motor Vehicles, and provided the court with adequate information to establish that it had jurisdiction to hear the case (see CPL 100.25, 100.40 [2]; Key, 45 NY2d at 115; People v Long, 44 Misc 3d 126[A], 2014 NY Slip Op 50949[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]), it was sufficient on its face and, thus, not jurisdictionally defective (see Patrizio, 2018 NY Slip Op 51901[U]).
 {**70 Misc 3d at 33}[2] With respect to defendant's legal insufficiency claim, it is preserved for appellate review since she moved to dismiss the charge based on the same ground at trial (see CPL 470.05 [2]; People v Gray, 86 NY2d 10, 19 [1995]). Insofar as is relevant to this appeal, Vehicle and Traffic Law § 1225-d (1) provides that "no person shall operate a motor vehicle while using any portable electronic device while such vehicle is in motion." A "portable electronic device" is defined as including a "hand-held mobile telephone" (Vehicle and Traffic Law § 1225-d [2] [a]). Additionally,
"[a] person who holds a portable electronic device in a conspicuous manner while operating a motor vehicle . . . is presumed to be using such device . . . [and t]he presumption established by this subdivision is rebuttable by evidence tending to show that the operator was not using the device within the meaning of this section" (Vehicle and Traffic Law § 1225-d [4]).
Here, the trooper testified at trial that he had observed defendant operating a motor vehicle with her right hand while holding a flat black cell phone horizontally in her left hand, with her palm up, which was positioned between the driver's window and the steering wheel. Although he could not state what defendant was doing with the phone at the time he observed her holding it, the trooper's testimony was legally sufficient to invoke the presumption that defendant was impermissibly operating a motor vehicle while using a portable electronic device while her vehicle was in motion (see Vehicle and Traffic Law § 1225-d [1], [4]; Hakim, 2018 NY Slip Op 51112[U]; People v Agbimson, 51 Misc 3d 150[A], 2016 NY Slip Op 50842[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]).
Pursuant to the statute, the burden was then on defendant to rebut that presumption by [*3]demonstrating that she was not using such a device within the meaning of Vehicle and Traffic Law § 1225-d (2) (b) (see Vehicle and Traffic Law § 1225-d [4]; People v Scheck, 65 Misc 3d 131[A], 2019 NY Slip Op 51571[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]), and the court did not impermissibly shift the burden of proof to defendant to prove that she was not using the device within the meaning of the statute (see Vehicle and Traffic Law § 1225-d [4]). Whether defendant sufficiently rebutted the presumption is, in essence, a credibility determination (see People v Lane, 7 NY3d 888, 890 [2006]; People v Romero, 7 NY3d 633, 644-645 [2006]; Hakim, 2018 NY Slip Op 51112[U]; People v Devaul, 60 Misc 3d 130[A], {**70 Misc 3d at 34}2018 NY Slip Op 50993[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]), and, here, since defendant's testimony completely conflicted with that of the trooper, and the Justice Court found the trooper's testimony to be "credible," it was entitled not to believe defendant (see Matter of Snitow v New York State Dept. of Motor Vehs., 121 AD3d 1008 [2014]). Consequently, viewing the evidence adduced at trial in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to support the conviction (see Hakim, 2018 NY Slip Op 51112[U]; Agbimson, 2016 NY Slip Op 50842[U]). Upon an independent review of the record, while according great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see Lane, 7 NY3d at 890; People v Bleakley, 69 NY2d 490, 495 [1987]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see Scheck, 2019 NY Slip Op 51571[U]; Hakim, 2018 NY Slip Op 51112[U]; Devaul, 2018 NY Slip Op 50993[U]; Agbimson, 2016 NY Slip Op 50842[U]).
Accordingly, the judgment of conviction is affirmed.
Ruderman, J.P., Tolbert and Emerson, JJ., concur.