People v Ehlers (2021 NY Slip Op 51064(U))

[*1]

People v Ehlers (Robert)

2021 NY Slip Op 51064(U) [73 Misc 3d 135(A)]

Decided on November 4, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 4, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., TIMOTHY S. DRISCOLL, HELEN
VOUTSINAS, JJ

2019-1423 S CR

The People of the State of New York,
Respondent,
against
Robert R. Ehlers, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and
Parking Violations Agency (Alan M. Wolinsky, J.H.O.), rendered July 31, 2019. The judgment
convicted defendant, after a nonjury trial, of using a portable electronic device while operating a
motor vehicle while the vehicle is in motion, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Following a nonjury trial, defendant was found guilty of using a portable electronic device
while operating a motor vehicle while the vehicle is in motion (Vehicle and Traffic Law §
1225-d [1]), and he was fined $150 and his driver's license was suspended for six months (see
Vehicle and Traffic Law § 510 [3] [a]).
Defendant's contention that the judicial hearing officer who presided over the trial should
have recused himself is not preserved for appellate review as defendant failed to raise this issue
before the trial court (see CPL 470.05 [2]) and the claim otherwise relies on matter
dehors the record.
Defendant's legal insufficiency claim is not preserved for appellate review since he failed to
raise these same arguments with specificity before the trial court (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484,
492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). However, upon [*2]defendant's request, this court necessarily conducts a weight of the
evidence review (People v
Danielson, 9 NY3d 342, 348 [2007]).
Insofar as is relevant to this appeal, Vehicle and Traffic Law § 1225-d (1) provides that
"no person shall operate a motor vehicle while using any portable electronic device while such
vehicle is in motion." A "portable electronic device" is defined as including a "hand-held mobile
telephone" (Vehicle and Traffic Law § 1225-d [2] [a]). Additionally, "[a] person who holds
a portable electronic device in a conspicuous manner while operating a motor vehicle . . . is
presumed to be using such device . . . [and t]he presumption established by this subdivision is
rebuttable by evidence tending to show that the operator was not using the device within the
meaning of this section" (Vehicle and Traffic Law § 1225-d [4]; see Vehicle and
Traffic Law § 1225-d [2] [b] [defining the word "using"]).
At the trial, a state trooper testified that, as the vehicle that defendant was driving was
passing his, he noticed that defendant was holding a cell phone in his right hand in front of the
steering wheel and looking down at it while using his thumb to touch the screen of the phone and
scroll through "whatever he was doing with" it. Consequently, the trooper's testimony was legally
sufficient to invoke the presumption that defendant was impermissibly operating a motor vehicle
while using any portable electronic device while such vehicle was in motion (see Vehicle
and Traffic Law § 1225-d [1], [4]; People v Vogt, 70 Misc 3d 30 [App Term, 2d Dept, 9th &
10th Jud Dists 2020]; People v
Hakim, 60 Misc 3d 137[A], 2018 NY Slip Op 51112[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2018]). The burden was then on defendant to rebut that presumption by
demonstrating that he was not "using" such a device within the meaning of Vehicle and Traffic
Law § 1225-d (2) (b) (see Vehicle and Traffic Law § 1225-d [4]; People v Scheck, 65 Misc 3d
131[A], 2019 NY Slip Op 51571[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]),
which he failed to do. Consequently, upon the exercise of this court's factual review power
(see CPL 470.15 [5]; Danielson, 9 NY3d at 348-349), we find that the verdict
convicting defendant of using a portable electronic device while operating a motor vehicle while
the vehicle is in motion was not against the weight of the evidence (see Vogt, 70 Misc 3d
30; Scheck, 65 Misc 3d 131[A], 2019 NY Slip Op 51571[U]; Hakim, 60 Misc 3d
137[A], 2018 NY Slip Op 51112[U]).
Defendant's contention pertaining to the imposition of an administrative fee is not preserved
for appellate review, as he failed to raise an objection in the trial court when the fee was imposed
(see People v Massian, 60 Misc 3d
134[A], 2018 NY Slip Op 51049[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]).
In any event, it is without merit (see
People v Ruiz, 64 Misc 3d 127[A], 2019 NY Slip Op 50984[U] [App Term, 2d Dept,
9th & 10th Jud Dists 2019]; Massian, 60 Misc 3d 134[A], 2018 NY Slip Op
51049[U]; People v Gray, 58 Misc
3d 155[A], 2018 NY Slip Op 50184[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2018]).
Accordingly, the judgment of conviction is affirmed.
EMERSON, J.P., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 4, 2021