People v Kachalsky (2021 NY Slip Op 51159(U))

[*1]

People v Kachalsky (Alan)

2021 NY Slip Op 51159(U) [73 Misc 3d 138(A)]

Decided on November 18, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 18, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., ELIZABETH H. EMERSON, HELEN
VOUTSINAS, JJ

2020-938 W CR

The People of the State of New York,
Respondent,
against
Alan Kachalsky, Appellant. 

Alan Kachalsky, appellant pro se.
Max DiFabio, for respondent (no brief filed).

Appeal from judgments of the Justice Court of the Village of Port Chester, Westchester
County (Peter F. Sisca, J.), rendered September 21, 2020. The judgments, after a nonjury trial,
convicted defendant of riding a motorcycle between lanes and disobeying a traffic control device,
respectively, and imposed sentences.

ORDERED that the judgments of conviction are affirmed.
In a simplified traffic information, defendant was charged with riding a motorcycle between
lanes (Vehicle and Traffic Law § 1252 [c]). It provides that, on December 18, 2019 at 2
p.m., defendant violated Vehicle and Traffic Law § 1252 (c) in the Village of Port Chester,
at "S/W BOSTON RD FROM BOA LOT." In a separate simplified traffic information, defendant
was charged with disobeying a traffic control device (Vehicle and Traffic Law § 1110 [a]).
This latter simplified information indicates that a supporting deposition was provided to
defendant at the scene. The supporting deposition set forth that, on December 18, 2019 at 2 p.m.,
in the Village of Port Chester, "S/W BOSTON RD FROM BOA LOT," the complaining officer
"DID OBSERVE SAID VEH TRAV S/W WHICH DISOBEYED THE CONSPICUOUSLY
POSTED NO LEFT TURN SIGN. SUBJECT THEN CON'T S/W DRIVING BETWEEN
LANES OF [*2]TRAFFIC."
Defendant moved to dismiss the simplified traffic informations, arguing that the supporting
deposition failed to contain factual allegations that provided reasonable cause to believe he
committed the traffic infractions charged therein. It does not appear from the record that the
Justice Court determined the motion prior to proceeding with the trial. Following a nonjury trial,
defendant was convicted of the aforementioned charges, and sentences were imposed. On appeal,
defendant contends that the supporting deposition furnished to him failed to provide reasonable
cause to believe that defendant committed either offense.
A defendant charged with a traffic infraction can be prosecuted by a jurisdictionally
sufficient simplified traffic information alone, and, thus, without any allegations providing
reasonable cause (see People v Epakchi, 37 NY3d 39 [2021]). A simplified traffic
information is sufficient if it substantially conforms to the form prescribed by the Commissioner
of Motor Vehicles (see CPL 100.25 [1]; 100.40 [2]; People v Anand, 65 Misc 3d 151[A], 2019 NY Slip Op 51875[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2019]; People v Ferro, 22 Misc 3d 7 [App Term, 2d Dept, 9th & 10th
Jud Dists 2008]). However, where a defendant requests a supporting deposition, the officer must
serve defendant with one which must set forth allegations of fact providing reasonable cause to
believe that the defendant committed the offense charged (see CPL 100.25 [2]). The
officer's failure to provide such a supporting deposition constitutes a violation of CPL 100.25 (2),
and renders the simplified traffic information insufficient on its face (see CPL 100.40 [2])
and subject to a motion to dismiss. However, such failure is not a jurisdictional defect and can be
waived, as the prosecution can proceed to trial upon the simplified traffic informations alone
(see People v Beattie, 80 NY2d 840 [1992]; People v Key, 45 NY2d 111,
116-117 [1978]; People v Vogt, 70
Misc 3d 30, 31-32 [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; People v Patrizio, 62 Misc 3d
130[A], 2018 NY Slip Op 51901[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018];
People v Hakim, 60 Misc 3d
137[A], 2018 NY Slip Op 51112[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2018]).
Here, a supporting deposition was provided to defendant and defendant moved to dismiss the
simplified traffic informations on facial insufficiency grounds. However, as defendant proceeded
to trial before the Justice Court determined his motion to dismiss the simplified informations, his
challenge to the sufficiency of the supporting deposition is deemed waived (see People v
Vogt, 70 Misc 3d at 31-32; People v Hill, 5 Misc 3d 134[A], 2016 NY Slip Op
50543[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). Thus, the matter could proceed
to trial on the jurisdictionally sufficient simplified traffic informations (see People v
Beattie, 80 NY2d 840).
Accordingly, the judgments of conviction are affirmed.
RUDERMAN, P.J., EMERSON and VOUTSINAS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 18, 2021