People v Rojas (2025 NY Slip Op 50765(U))

[*1]

People v Rojas (Jeraldhy)

2025 NY Slip Op 50765(U) [85 Misc 3d 143(A)]

Decided on May 15, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 15, 2025

SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570661/19

The People of the State of New
York, Respondent,

against

Jeraldhy Rojas,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
Bronx County (Robert G. Seewald, J.H.O.), rendered October 2, 2019, convicting him,
upon his plea of guilty, of driving while intoxicated, and imposing sentence.

Per Curiam.

Judgment of conviction (Robert G. Seewald, J.H.O.), rendered October 2, 2019,
affirmed.

Since defendant waived prosecution by information, the accusatory instrument is
assessed under the reasonable cause standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d
518, 522 [2014]). So viewed, the instrument was jurisdictionally valid because it
described facts of an evidentiary nature establishing reasonable cause to believe that
defendant operated a motor vehicle while in an intoxicated condition (see Vehicle
and Traffic Law § 1192 [3]). The arresting officer alleged that defendant operated a
2002 Ford motor vehicle with a suspended driver's license; he had bloodshot and watery
eyes, slurred speech, the strong odor of alcohol on his breath, was unsteady on his feet;
he admitted to drinking "five shots" and taking Xanax; and the results of a chemical
breath test indicated a blood alcohol level of .46% (see People v Hohmeyer, 70
NY2d 41, 43-44 [1987]; People
v Fiumara, 116 AD3d 421 [2014], lv denied 23 NY3d 1036 [2014]).
There was no requirement that the accusatory instrument also contain an allegation of
erratic driving (see People v Fiumara, 116 AD3d at 421).

While Vehicle and Traffic Law § 1195 (2) (c) provides that "[e]vidence that
there was .07 of one per centum or more but less than .08 of one per centum by weight of
alcohol in such person's blood shall be prima facie evidence that such person was not in
an intoxicated condition," the section establishes a rebuttable, not a mandatory
presumption (see People v Blair, 98 NY2d 722, 723 [2002]). Inasmuch as the
information herein otherwise contained ample factual allegations that were "sufficiently
evidentiary in character" (People v Allen, 92 NY2d 378, 385 [1998]) bearing on
defendant's prearrest appearance and deportment, all suggestive of intoxication, "[t]he
People were ... entitled to an opportunity to rebut the section 1195 (2) (c) presumption at
trial," particularly when the chemical breath test administered at the scene indicated an
insufficient sample (People v Blair 98 NY2d at 724; People v Santos, 43 Misc 3d
136[A], 2014 NY Slip Op 50672[U] [App Term, 1st Dept 2014], 23 NY3d 1042
[2014]).

In any event, the only relief defendant requests is dismissal of the accusatory
instrument rather than vacatur of the plea and remand on the remaining charges, and he
expressly requests [*2]this Court to affirm the conviction
if it does not grant a dismissal. Since it cannot be said that no penological purpose would
be served by a remand, dismissal is not warranted and we affirm on this basis as well (see People v Conceicao, 26
NY3d 375, 385 n [2015]; see e.g., People v Teron, 139 AD3d 450 [2016]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: May 15, 2025